**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 4:11-CV-00077-RWS |
| v. ) | |
| ) | Judge Rodney W. Sippel |
| **AMEREN MISSOURI,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## AMEREN MISSOURI'S RULE 12(b)(1) PARTIAL MOTION TO DISMISS

Defendant Ameren Missouri ("Ameren"), by its attorneys, respectfully moves for dismissal of portions of Counts III and IV of the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for the following reasons:

1.  The Complaint alleges that Ameren Missouri's routine maintenance projects at its Rush Island power plant in Festus, Missouri violated the Clean Air Act's Prevention of Significant Deterioration ("PSD") provisions (Counts I and II) and Title V provisions (Counts III and IV), and the Missouri state implementation plan ("Missouri SIP") (Counts I – IV). The Complaint seeks hundreds of millions of dollars in civil penalties and injunctive relief.

2.  The Title V claims are based in part on allegations that operating parameters related to emissions, otherwise known as Best Available Control Technology ("BACT"), were improperly "omitted" from Ameren's Title V permits (hereinafter referred to as "Omitted BACT Claims," and defined with greater specificity in Ameren's accompanying memorandum of law). These Omitted BACT Claims should be dismissed for lack of subject-matter jurisdiction because they do not present a controversy ripe for adjudication.

3. The Omitted BACT claims are unripe, for several reasons. First, the threshold requirement – that a PSD permit was required at the time of the projects – has not been established, and there is no obligation outside of the PSD permit process to determine or apply BACT. Second, for Ameren's Rush Island units, "BACT" does not yet exist. Those operating parameters have, to this day, not been determined. Third, even if BACT operating parameters are determined in the future, the Title V claim would *still* be unripe unless and until Ameren fails to include those parameters in its Title V permit or, having included them, fails to abide by them. It is well-settled that "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Minnesota Pub. Util. Comm'n v. FCC*, 483 F.3d 570, 582 (8th Cir. 2007) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

4. Ameren Missouri has concurrently filed a memorandum of law in support of this motion.

WHEREFORE, for these reasons and those set forth in its accompanying memorandum of law, Defendant Ameren Missouri respectfully requests that the Court grant this motion and dismiss Plaintiff's Omitted BACT Claims.

Dated:   April 11, 2011

Respectfully submitted,

/s/ Patricia Brown Holmes

Ronald S. Safer (*pro hac vice*)
Patricia Brown Holmes (*pro hac vice*)
Renee Cipriano (*pro hac vice*)
Steven J. Bonebrake (*pro hac vice*)
Matthew B. Mock (*pro hac vice*)
Schiff Hardin LLP
233 South Wacker Drive Suite 6600
Chicago, Illinois 60606
Phone: (312) 258-5500
Fax: (312) 258-5600

James J. Virtel
Armstrong Teasdale LLP
7700 Forsyth Boulevard Suite 1800
St. Louis, Missouri  63105
Phone: (314) 621-5070
Fax: (314) 612-2298
jvirtel@armstrongteasdale.com

*Counsel for Defendant Ameren Missouri*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2011, I electronically filed the foregoing **Ameren Missouri's Rule 12(b)(1) Partial Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record, who are listed below:

        Justin A. Savage
        Andrew C. Hanson
        Bradford T. McLane
        Trial Attorneys
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, DC  20044-7611
        Telephone:  (202) 514-5293
        Facsimile:  (202) 514-0097


        /s/ Patricia Brown Holmes
        Patricia Brown Holmes