UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   )<br>  )<br>   **Plaintiff,**   )<br>  )<br>   v.   )<br>  )<br> **AMEREN MISSOURI,**   )<br>  )<br>   **Defendant.**   )<br>_____ ) | Case No. 4:11-CV-00077-RWS<br><br>Judge Rodney W. Sippel |

### **AMEREN MISSOURI'S RULE 12(b)(6) MOTION TO DISMISS**

Defendant Ameren Missouri ("Ameren"), by its attorneys, respectfully moves for dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for the following reasons:

1. The Amended Complaint alleges that Ameren Missouri's routine maintenance projects at its Rush Island power plant in Festus, Missouri violated the Prevention of Significant Deterioration ("PSD") and Title V provisions of the Clean Air Act ("CAA") and the Missouri state implementation plan ("Missouri SIP"). The Amended Complaint seeks hundreds of millions of dollars in civil penalties and injunctive relief.

2. The Court should dismiss the Amended Complaint in its entirety because the EPA fails to allege that Ameren's projects did cause emissions to increase or that Ameren projected (or should have projected) that its emissions would increase. Instead, in an effort to cure the pleading flaws in the original Complaint, the EPA now alleges theories in the Amended Complaint as to how the projects could potentially cause emissions to increase. It is well-settled that alleging the possibility of a violation does not state a claim. *See, e.g., Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009).  EPA's carefully chosen words are not surprising considering the fact that Ameren did not project that any of the Projects at issue would result in emissions increases. In fact, the emissions data shows that emissions actually decreased after some of the Projects at issue.

3. In the alternative, the Court should dismiss, as time-barred, the claims for civil monetary penalties with respect to the 2001 and 2003 projects at issue (Counts I and II).  Under both the Clean Air Act and the Missouri SIP, any claimed violations of the PSD program occurred, if at all, at the time the alleged projects took place and are not continuing violations. *Sierra Club v. Otter Tail Power Co.*, 615 F.3d 1008 (8th Cir. 2010).  The same is true for the related claims in Counts V and VI that Ameren Missouri violated the conditions of its Title V operating permit.  The relevant statute of limitations, 28 U.S.C. § 2462, is five years, and the 2001 and 2003 projects took place – and thus, those claims accrued – over five years ago.

4. Ameren Missouri has concurrently filed a memorandum of law in support of this motion.

WHEREFORE, for these reasons and those set forth in its accompanying memorandum of law, Defendant Ameren Missouri respectfully requests that the Court grant this motion and dismiss EPA's Amended Complaint in its entirety.

In the alternative, the Court should dismiss the claims for civil penalties that relate to: (1) Counts I and II (AC ¶¶ 70, 76) and (2) Counts V and VI, insofar as they allege a violation of Title V's operating permit provision for the 2001 and 2003 projects: (a) pertaining to PSD  (AC ¶¶ 92, 95, 101, 104) or (b) pertaining to compliance certification (AC ¶¶ 91, 95, 100, 104).

Dated:   July 15, 2011

Respectfully submitted,

<u>Patricia Brown Holmes</u>
Ronald S. Safer (*pro hac vice*)
Patricia Brown Holmes (*pro hac vice*)
Renee Cipriano (*pro hac vice*)
Steven J. Bonebrake (*pro hac vice*)
Matthew B. Mock (*pro hac vice*)
Schiff Hardin LLP
233 South Wacker Drive Suite 6600
Chicago, Illinois 60606
Phone: (312) 258-5500
Fax: (312) 258-5600

James J. Virtel
Armstrong Teasdale LLP
7700 Forsyth Boulevard Suite 1800
St. Louis, Missouri  63105
Phone: (314) 621-5070
Fax: (314) 612-2298
jvirtel@armstrongteasdale.com

*Counsel for Defendant Ameren Missouri*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2011, I electronically filed the foregoing **Ameren Missouri's Rule 12(b)(6) Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record, who are listed below:

>Justin A. Savage
>Andrew C. Hanson
>Bradford T. McLane
>Trial Attorneys
>Environmental Enforcement Section
>Environment and Natural Resources Division
>U.S. Department of Justice
>P.O. Box 7611
>Washington, DC  20044-7611
>Telephone:  (202) 514-5293
>Facsimile:  (202) 514-0097

>/s/ Patricia Brown Holmes
>Patricia Brown Holmes