**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 4:11CV0077 RWS |
| AMEREN MISSOURI, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO CONSOLIDATE**

Plaintiff, the United States of America, acting on behalf of the United States Environmental Protection Agency ("EPA"), pursuant to Eastern District Local Rule 42-4.03 and Fed. R. Civ. Proc. 42, respectfully moves to consolidate this case with *Ameren Missouri v. United States Environmental Protection Agency*, Case No. 4:11CV02051 AGF, because these two cases arise out the same set of operative facts and present common issues of fact and law.

**I.     Facts and Procedural Status**

Plaintiff filed this case on January 12, 2011, alleging that defendant Ameren Missouri ("Ameren") violated the Clean Air Act ("CAA").  In this case, EPA seeks civil monetary penalties and injunctive relief.  EPA's amended complaint, filed on June 28, 2011 and found in the Docket at ECF No. 33-1, references in ¶ 6 three Notices of Violation ("NOVs") dated October 14, 2010, January 26, 2010, and May 27, 2011 that were issued to Ameren.  While EPA issued these NOVs after major capital improvement projects occurred at all four of Ameren's

coal-fired power plants in Missouri, this enforcement proceeding concerns the alleged illegal, unpermitted modifications at just Ameren's Rush Island Plant.

While this case was pending, on July 1, 2011, Ameren submitted a Freedom of Information Act ("FOIA") request to EPA seeking "to understand the basis for the NOVs," specifically requesting EPA's production of "all documents" regarding "emissions calculations performed or used in connection with U.S. EPA's findings" in these same NOVs. Ameren's FOIA request sought documents showing how the EPA determined "significant emissions increases" and "significant net emissions increases." *See* ¶ 16 of Ameren's Complaint (ECF No. 1) from *Ameren Missouri v. United States Environmental Protection Agency*, Case No. 4:11CV02051 AGF ("FOIA Docket"). As such, Ameren's complaint in the FOIA case explicitly seeks "factual data and information that supported the allegations made in the NOVs." *See* ¶ 17 of Ameren's FOIA Complaint. Indeed, Ameren's FOIA complaint references the pleadings and litigation positions taken by the parties in this case when seeking relief in that case. *See* ¶ 28 of Ameren's FOIA Complaint. When Ameren filed the FOIA complaint in this District on November 23, 2011, it correctly listed this case as related on the civil cover sheet and original filing form. *See* FOIA Docket ECF No. 1-8, 1-7.

Ameren has already received significant documentation about the illegal emissions increases at Ameren's plants, including the Rush Island Plant at issue in this case, through its FOIA request and subsequent administrative appeal. This occurred even while discovery in this case is stayed pending a ruling on Ameren's motions to dismiss the Government's Amended Complaint. EPA produced 48 documents in their entirety and 136 redacted documents in response to Ameren's FOIA request. EPA later produced 42 unredacted Excel spreadsheets in their native format, which had been previously produced in scanned "pdf" format.

2

However, EPA withheld 91 documents in their entirety under the "deliberative process" and "law enforcement" FOIA exemptions, given the privileged nature of the requested documents and this pending enforcement proceeding. Under prevailing caselaw, EPA declined to produce a document-by-document *Vaughn*[1] index cataloguing the basis for withholding each individual document as exempt under FOIA. *See* ¶¶ 18-19, 26, and 31 of Ameren's FOIA Complaint. Shortly thereafter, Ameren filed the related FOIA case.

## II.     Consolidation of These Related Cases Is Appropriate Because They Present Common Issues Of Fact And Law

Under Fed. R. Civ. Proc. 42, when related cases involving common questions of law or fact are pending, the Court may order the actions consolidated to avoid unnecessary cost or delay. A Court's ruling on a motion to consolidate will not be overturned absent a clear abuse of discretion. *EEOC v. HBE Corp.*, 135 F.3d 543, 550-51 (8th Cir. 1998); Wright & Miller, Federal Prac. & Proc. Civil 2d § 2382 ("Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration.")

Consolidation is appropriate here because Ameren's second related case, brought under FOIA, explicitly seeks discovery for use in this ongoing enforcement proceeding. Both cases focus on the same issue between the same parties, namely the factual and legal basis behind the alleged CAA violations in this case. Although the FOIA lawsuit seeks documents related to EPA's investigation of all four of Ameren's coal-fired power plants in Missouri, including the Rush Island Plant at issue in this case, for a variety of reasons EPA's investigation of Ameren's other plants may arguably be discoverable in this case under the breadth of Fed. R. Civ. P.

---

[1]     See *Vaughn v Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974).

3

26(b)(1), subject to the United States' assertion of applicable privileges.[2]  In this light, the FOIA lawsuit seeks the same materials that Ameren would request through traditional discovery channels in this enforcement proceeding, with just the addition of an attorneys' fee request in the prayer for relief of the FOIA complaint.

This is not an appropriate use of FOIA.  "The Freedom of Information Act was not intended to supplement or displace rules of discovery." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989) (affirming refusal of agency to provide documents to a defense contractor who made a FOIA request while under investigation); *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) (reversing FOIA decision ordering production of witness statements by NLRB under FOIA before the ongoing enforcement proceeding had been completed).  Indeed, this Court has held that a "[p]laintiff may not utilize the FOIA to gain earlier or greater access to agency information than a normal litigant." *Grabinski v. Internal Revenue Service*, 478 F.Supp. 486, 488 (E.D. Mo. 1979).[3]  "FOIA was not intended to function

---

[2]     In fact, in recognition of the overlap between the information that Ameren seeks in its FOIA lawsuit and the information at issue in this enforcement proceeding, the United States proposed to produce information that Ameren seeks in its FOIA lawsuit as part of an early exchange of initial disclosures in this enforcement action.  This would include a privilege log akin to the *Vaughn* index that Ameren seeks in its FOIA lawsuit.  (Email from Andrew Hanson, DOJ, to Patricia Brown-Holmes, Nov. 23, 2011, attached as Exhibit A).  Ameren declined the offer, and proceeded with this FOIA lawsuit.  (Email from Patricia Brown-Holmes to Andrew Hanson, Nov. 30, 2011, attached as Exhibit B).

[3]     See also *Securities and Exchange Comm'n v. Shanahan*, 2009 WL 1955757, *3, 4:07cv270-JCH (E.D. Mo. July 6, 2009) ("In general, courts interpreting FOIA have held that the primary concern over disclosure of law enforcement reports is to prevent a party who is himself the subject of a criminal investigation from obtaining premature discovery of law enforcement actions that may be taken against him.")

as a private discovery tool" and litigants typically can and should obtain information through normal pre-trial discovery channels. *Barney v IRS*, 618 F.2d 1268, 1273-74 (8th Cir. 1980).[4]

As the Eighth Circuit has noted, resolution of the FOIA exemptions claimed by EPA, namely the "deliberative process" and "records compiled for law enforcement purposes" exceptions found at 5 U.S.C. § 552(b)(5) and (7)(A), will soon be moot. Ameren will either receive the documents it wants through discovery in this case, subject to the Court's supervision, or can wait until this pending case is resolved to submit a new FOIA request. See e.g., *Barney*, 618 F.2d at 1273-74 ("...If and when enforcement proceedings are instituted the Barneys will be able to obtain access to such of this information as is discoverable through the normal pre-trial discovery channels. Moreover, once enforcement proceedings are either concluded or abandoned, exemption 7(A) will no longer apply to prevent disclosure and the Barneys may seek release of the records under the FOIA at that time").

In conclusion, these two related cases contain common questions of law and fact, as both cases must eventually resolve what specific facts are discoverable from EPA that support the NOVs. It would be both difficult and unnecessary for two separate Judges to simultaneously analyze this question. Judicial economy suggests that only one Judge should determine the extent of EPA's discovery obligations, and the validity of any privileges or limitations on disclosure from EPA. Moreover, consolidation would both conserve judicial resources and be convenient for the parties (*e.g.*, by reducing and perhaps eliminating duplicative motion practice). No good purpose is served by Ameren's FOIA lawsuit, which attempts to have a

---

[4] The Eighth Circuit has also held that no *Vaughn* index is required where the basis for withholding documents is the law enforcement exemption under FOIA. See *In re Department of Justice*, 999 F.2d 1302, 1311 (8th Cir. 1993) (error to require agency to provide *Vaughn* index detailing documents withheld under FOIA request when the basis for exemption was law enforcement purposes); *Barney*, 618 F.2d at 1273-74 (holding there was no need for agency to provide *Vaughn* index identifying documents withheld by agency when the record was clear that there was an ongoing law enforcement investigation of the FOIA requestor).

5

second federal judge oversee parallel one-way discovery while this Court resolves pending motions to dismiss regarding the same facts referenced in the FOIA Complaint.  Consolidating both cases before the same Judge is a common sense proposition under these circumstances.

For the foregoing reasons, Plaintiff respectfully requests that the Court consolidate these two related cases and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

IGNACIA S. MORENO
Assistant Attorney General

*/s/ Andrew C. Hanson*
Justin A. Savage
Andrew C. Hanson
Bradford T. McLane
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-9859
Facsimile:  (202) 616-6584
Andrew.hanson2@usdoj.gov


RICHARD G. CALLAHAN
United States Attorney

 */s/ Andrew J. Lay*
Andrew J. Lay #28542
Suzanne J. Moore #49119
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Missouri
111 South Tenth Street, Room 20.333
Telephone: (314) 539-2200
Tele-fax: (314) 539-2777

Attorneys for plaintiff,
the United States of America

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 7, 2011, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record, who are listed below:

       Ronald S. Safer (pro hac vice)
       Patricia Brown Holmes (pro hac vice)
       Renee Cipriano (pro hac vice)
       Steven J. Bonebrake (pro hac vice)
       Matthew B. Mock (pro hac vice)
       Schiff Hardin LLP
       233 South Wacker Drive Suite 6600
       Chicago, Illinois 60606
       Phone: (312) 258-5500
       Fax: (312) 258-5600

       James J. Virtel
       Armstrong Teasdale LLP
       7700 Forsyth Boulevard Suite 1800
       St. Louis, Missouri  63105
       Phone: (314) 621-5070
       Fax: (314) 612-2298
       jvirtel@armstrongteasdale.com

       Attorneys for Ameren Missouri

    */s/ Andrew J. Lay*