**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff,                      )
                                     )
    v.                              )     Civil Action No. 4:11-cv-00077-RWS
                                     )
AMEREN MISSOURI,                     )
                                     )
    Defendant.                      )
                                     )

*So Ordered*

*Lv Sypul USDJ.*

**STIPULATED PROTECTIVE ORDER REGARDING**
**CONFIDENTIAL INFORMATION AND DOCUMENTS**

It is hereby Ordered that this Stipulated Protective Order Regarding Confidential Information and Documents ("Protective Order") shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned action ("the Action").

1.    PURPOSES. Entry of this Order is appropriate because disclosure and discovery activity in this action are likely to involve the production of documents and information that a Party or non-Party considers in good faith to contain confidential, proprietary, or private information, or other matter containing sensitive business information for which special protection from public disclosure and from use for any purpose other than prosecuting this action would be warranted. This Order establishes a procedure for disclosing Protected Material to the Parties, imposes obligations on persons receiving Protected Material to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. The Parties intend for such Protected Material to be disclosed only under the terms of this Protective Order.

2.   DEFINITIONS

2.1   Plaintiff: shall refer to the United States Environmental Protection Agency ("EPA") and the United States Department of Justice ("DOJ").

2.2   Defendant: shall refer to Ameren Missouri and solely for purposes of this Protective Order, all of its affiliated, parent and subsidiary corporations.

2.3   Party: shall refer to any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.4   Ameren Missouri Administrative Confidential Information: shall mean all items or information provided by Ameren Missouri or its affiliates to the United States Environmental Protection Agency in connection with information requests issued by the EPA under Section 114 of the Clean Air Act, 42 U.S.C. § 7414 or otherwise, and for which Ameren Missouri has asserted and not withdrawn its request that such documents be protected from disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and EPA's implementing regulations in 40 C.F.R. Part 2, and for which EPA has not made a final determination that such items or information are not entitled to protection as confidential information.

2.5   Document: shall mean every writing or record of every type, including all electronically stored information ("ESI") governed pursuant to the Parties' Agreement Regarding Preservation and Production of Electronically Stored Information and Documents ("ESI Agreement"), or to the extent that the ESI Agreement is inapplicable, as the term ESI is defined in Federal Rule of Civil Procedure 34.

2.6   Discovery Material: shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other

page 2

information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery). Discovery Material includes Ameren Missouri Administrative Confidential Information. Discovery Material shall also include any documents, things or information produced voluntarily or by agreement without the receipt of a formal discovery request, any information produced to Defendant by Plaintiff pursuant to the Freedom of Information Act, and documents or information produced by Defendants in response to EPA information requests under Section 114 of the Clean Air Act, 42 U.S.C. § 7414.

2.7    "Confidential Information": shall mean Discovery Material, marked as "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER" in accordance with Paragraph 8 or 9, below, which contains confidential commercial or trade secret information that is entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, or any other statute, regulation, applicable court order or rule, or common law rule restricting disclosure. No Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein.

2.8    "Highly Confidential Information": shall mean highly sensitive proprietary information, items or Discovery Material produced by any non-Party to this action and marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" that reflects, relates to or concerns proprietary trade secrets (as that term is defined in federal case law) or information that is so sensitive that the protections afforded Confidential Information by this Order are inadequate, and whose disclosure to another

Party or non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.9    Receiving Party: shall refer to a Party that receives Discovery Material from a Producing Party.

2.10   Producing Party: shall refer to a Party or non-Party that produces Discovery Material in this Action.

2.11   Designating Party: shall refer to a Party or non-Party that designates information or items that it produces as "Confidential Information" or "Highly Confidential Information"

2.12   Protected Material: shall mean any Discovery Material that is designated as "Confidential Information" or as "Highly Confidential Information".

2.13   Plaintiff's Counsel: shall mean counsel at the U.S. Environmental Protection Agency and the U.S. Department of Justice, and their employees (including temporary and permanent law clerks, paralegals, and clerical personnel).

2.14   Outside Counsel: shall refer to attorneys who are not employees of Defendant Ameren Missouri but who are retained to represent or advise Defendant in this action, and their employees (including temporary and permanent law clerks, paralegals, and clerical personnel).

2.14   In-House Counsel: shall refer to attorneys who are employees of Defendant Ameren Missouri, and their employees (including temporary and permanent law clerks, paralegals, and clerical personnel).

2.15   Counsel (without qualifier): when used with respect to Plaintiff, shall refer to any attorney employed by Plaintiff (as well as their support staffs); and when used with respect to Defendant, shall refer to Outside Counsel and In-House Counsel (as well as their support staffs).

page 4

2.16 Experts and Consultants: shall refer to any person who has been retained by a Party or its counsel to serve as an expert who may testify at trial; and any expert or litigation consultant or trial consultant employed to assist a Party in any way in this Action, provided, however, that the terms "Expert" or "Consultant" shall not include any Employee Experts and Consultants, as defined below.

2.17 Employee Experts and Consultants: shall refer to any of Defendant's current or former employees, officers, directors, or representatives who have been retained by Defendant or its counsel to serve as an expert who may testify at trial, or act as a litigation consultant or trial consultant employed to assist Defendant in any way in this Action.

2.18 Professional Vendors or "Vendors": shall refer to persons or entities retained by Counsel for any Party to provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; data entry; data processing; computer imaging; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.19 Reporting Personnel: shall refer to court reporters, videographers, stenographers, or other persons recording or preparing transcripts of testimony, and their staffs.

3. Except to the extent required by law (including, but not limited to the Freedom of Information Act ("FOIA") and applicable federal agency regulations implementing FOIA), this protective order shall apply to all Discovery Material that any Party or non-Party – referred to as a Designating Party herein – marks as "CONFIDENTIAL/TRADE SECRET – SUBJECT TO PROTECTIVE ORDER" " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" in accordance with this Protective Order.

4.       If any non-Party receives a request or subpoena seeking documents or tangible

things and the requested documents or tangible things contain Confidential Information, the non-

Party may designate such material as Confidential Information or Highly Confidential

Information in accordance with the requirements of this Protective Order.   Non-party

Confidential Information designated as such, or any copy, excerpt, or summary thereof, or the

information contained therein, shall be subject to all of the conditions and limitations set forth in

this Protective Order.  Any non-Party that desires to protect its claim of confidentiality by

adhering to these procedures submits to the jurisdiction of this Court with regard to any

proceedings related to the non-Party's claim of confidentiality and bears the burden of

establishing its claim of confidentiality in such proceedings.

5.       Disclosure and Use of Confidential Information:  Unless otherwise ordered by the

Court or permitted in writing by the Designating Party, no Confidential Information, or any

copy, excerpts or summary thereof, or the information contained therein, shall (a) be used for any

business, commercial, competitive, personal, or other purposes unrelated to the conduct of this

Action; or (b) be disclosed by the Receiving Party to any other person without the prior written

consent of the Designating Party or an order of the Court, except to the following:

> i.     Plaintiff's Counsel, Ameren's Outside Counsel, and Ameren's In-House
>        Counsel;
>
> ii.    Parties and employees of the Parties who have a need for access to the
>        Confidential Information for this Action;
>
> iii.   Experts and Consultants, as defined herein;
>
> iv.    Employee Experts and Consultants, as defined herein;
>
> v.     The Court and its employees, including, without limitation, court
>        reporters, employees in the Clerk's Office, and law clerks, provided that
>        the Confidential Information is filed in accordance with the terms of this
>        Protective Order;

     vi.     Reporting Personnel;

     vii.    Witnesses or potential witnesses who have a need for access to the Confidential Information for this Action; and

     viii.   Professional Vendors.

6.     Disclosure and Use of "Highly Confidential Information" or Items:   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, no Highly Confidential Information, or any copy, excerpts or summary thereof, or the information contained therein, shall (a) be used for any business, commercial, competitive, personal, or other purposes unrelated to the conduct of this Action; or (b) be disclosed by the Receiving Party to any other person without the prior written consent of the Designating Party or an order of the Court, except that such disclosure may be made to the following, so long as such disclosure is reasonably necessary for this litigation:

     i.     Plaintiff's Counsel;

     ii.    Ameren's Outside Counsel;

     iii.   Employees of Plaintiff who have a need for access to the Information in this Action;

     iv.   Experts and Consultants, as defined herein;

     v.     The Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Highly Confidential Information is filed in accordance with the terms of this Protective Order;

     vi.     Reporting Personnel;

     vii.    Witnesses or potential witnesses in this Action (excluding any employees of Ameren Missouri); and

     viii.   Professional Vendors.

7.     With the exception of those persons designated in clauses 5.i., 5.ii., 5.iii., 5.v. and 5.vi. of Paragraph 5, as well as clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, no

Confidential Information or Highly Confidential Information, as applicable, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be disclosed to any person unless (a) such person has been provided with a copy of this Protective Order, and (b) such person has agreed to be bound thereto and executed the agreement attached hereto as Exhibit A. Documents may be handled by clerical personnel in the employ of any Party or non-Party, including those in the employ of contractors or Vendors hired by that Party or non-Party, where that Party or non-Party has executed the agreement and the clerical personnel are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc., without such personnel signing the agreement. Persons indicated on the face of Protected Material as having been the authors or recipients of such documents need not execute Exhibit A before being provided access to such information. The agreement, attached hereto as Exhibit A, shall provide for the return of all copies of the Confidential Information that have not been destroyed, at the conclusion of this Action, including any appeals therein, to Counsel for the Party that provided the copy. Counsel for each Party shall obtain and retain executed copies of the agreements attached as Exhibit A from each person, other than persons designated in clauses 5.i., 5.ii., 5.iii, 5.v. and 5.vi. of Paragraph 5 and clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, to whom it discloses any Protected Material other than its own Confidential or Highly Confidential Information.

8.      Any Discovery Material considered by a Party or non-Party to be confidential or to contain Confidential Information shall be marked "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER", and any discovery material considered by a non-Party to be "highly confidential" or contain "highly confidential" information shall be marked as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE

ORDER" in a readily visible or noticeable manner, and include a stamp identifying the name and telephone number of counsel for the Designating Party. In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp or designation on each such document or response prior to production or service. Any Party photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL/TRADE SECRET – SUBJECT TO PROTECTIVE ORDER" or the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" designation and name and telephone number of counsel for the Designating Party appear clearly on any such copies or duplicates.

9.      Whenever Protected Material is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person who is not authorized to receive such Information under this Protective Order. Any testimony given in any deposition may be designated as "CONFIDENTIAL/TRADE SECRET – SUBJECT TO PROTECTIVE ORDER" by any Party or non-Party, or as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by any non-Party, by making such designation on the record. A Party or non-Party may also make such designation in writing to the court reporter if the designations are made within fourteen (14) days after the transcript has been made available to the Party or non-Party making the designations, and notice of such designations is sent to all Counsel of Record. At the Designating Party's expense, the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the words "CONFIDENTIAL/TRADE SECRET – SUBJECT TO PROTECTIVE ORDER", or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER", and seal it in a separate envelope.

Whenever any Protected Material is identified as an exhibit in connection with testimony given in any deposition proceeding in this Action, it shall be so marked, if it has not previously been marked, and appropriately sealed. Only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 5.i., 5.ii., 5.iii., 5.v. and 5.vi. of Paragraph 5, or clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, as applicable, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

10. All Parties, their Counsel, and all persons designated in Paragraphs 5 and 6 above who obtain Protected Material shall take all necessary and appropriate measures to maintain the confidentiality of the Protected Material, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

11. Whenever Protected Material is to be referred to or disclosed in a hearing or trial proceeding, any Party or non-Party may move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Protective Order that the Court exclude from the room those persons who are not authorized to receive the Protected Material under this Protective Order. In addition, any Party or non-Party may move the Court to designate any testimony given in such hearing or trial proceeding as Confidential Information and to require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "CONFIDENTIAL/TRADE SECRET – SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope. Any non-Party may likewise move the Court to designate any testimony in such hearing or trial as Highly Confidential Information and to

require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope. Whenever any document designated as Confidential Information or Highly Confidential Information is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in this Action, any Party or non-Party may move that it be so marked if it has not previously been marked and appropriately sealed. Where the Court rules that such material is entitled to protection from disclosure under this Protective Order and the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law, only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 5.i., 5.ii., 5.iii., 5.v. and 5.vi. of Paragraph 5, or clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, as applicable, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

12.     Any Party may at any time notify a Party or non-Party asserting a claim that information is Confidential Information, or a non-Party asserting a claim that information is Highly Confidential Information, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of the Party's objection to the designation of any information, documents, or testimony as Protected Material. In that event, the challenging Party and Designating Party shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designating Party or the challenging Party may seek an appropriate ruling from the Court. In any such application for a ruling, the Designating Party shall have the burden of proof to

establish that the designated material is Confidential Information or Highly Confidential Information and is entitled to treatment as such under the terms of this Protective Order. The information at issue shall continue to be treated as Confidential Information or Highly Confidential Information, as applicable, pursuant to this Protective Order, until the Parties agree or the Court rules otherwise. No Party in this Action shall be obliged to challenge the propriety of the designation of any Protected Material. Failure to initially bring such challenge upon the designation of information as Protected Material shall not preclude any subsequent objection or challenge to that designation. This Protective Order shall not preclude a request for the Designating Party's permission to disclose such Protected Material to persons not referred to in this Protective Order, nor shall the Protective Order preclude any other appropriate action in any forum to obtain disclosure of the Protected Material. Nothing herein shall affect any Party's right to seek modification of this Protective Order.

13.     Should any non-Party, by way of subpoena, bona fide discovery request, or request pursuant to the federal Freedom of Information Act ("Discovery Request"), seek disclosure from a Party of Protected Material designated by any other Party or non-Party, the Party receiving the Discovery Request shall promptly send that portion of the Discovery Request relating to the request for Protected Material to Counsel for the Designating Party upon concluding that such Discovery Request may call for the production of Protected Material. (Notice shall also be given to Counsel of Record for the Parties if the Designating Party is a non-Party.) Unless the Designating Party waives its claim of confidentiality over the requested documents or elects at its discretion, without waiving its claim of confidentiality, to consent to production of its Protected Material subject to protections suitable to the Designating Party, the recipient of the request will inform the non-Party seeking disclosure that the information

requested is Confidential Information or Highly Confidential Information protected by this Protective Order and that such non-Party will have to seek an appropriate ruling from this Court or, as applicable, a confidentiality determination from EPA pursuant to 40 C.F.R. Part 2. In any such action before this Court, the Designating Party shall have the burden of proof to establish that the designated material is in fact Confidential Information or Highly Confidential Information and is entitled to confidential treatment pursuant to the terms of this Protective Order.

14.     Unauthorized Disclosure of Protected Material: If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party and counsel for the Parties of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order. Inadvertent disclosure of Protected Material shall not be deemed a violation of the provisions of this Protective Order as long as these steps are taken. Such inadvertent or unintentional disclosure of Protected Material shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to the information so disclosed.

15.     Clawback Provision: If a Producing Party inadvertently discloses to a Receiving Party information that is attorney-client privileged, subject to the attorney work-product doctrine, or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no Party to this action shall thereafter assert that such disclosure waived any privilege or immunity. In addition, any disclosure of information that is attorney-

page 13

client privileged, subject to the attorney work-product doctrine, or otherwise immune from discovery shall not act as a waiver in any other state or federal proceeding. It is further agreed that the Receiving Party will return to the Producing Party such inadvertently produced item or items of information and all copies thereof within 10 business days of the earliest of: (i) discovery by the Receiving Party of its inadvertent production, or (ii) receiving a written request for the return of such item or items of information. Nothing shall preclude the Receiving Party from submitting an application to the Court asserting that the information was properly produced and that the assertion of privilege or immunity is not valid.

16.     Throughout and after the conclusion of this Action, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Protected Material has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.

17.     Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Protected Material, or otherwise modifying this Protective Order. This Protective Order may be amended without leave of the Court by the agreement of Counsel for the Parties in the form of a filed stipulation, except that consent of all non-Party Designating Parties shall be required to the extent that any such amendment by stipulation affects the treatment of any information designated as Highly Confidential Information.

18.     This Protective Order is designed to facilitate the disclosure of documents in this Action that a Party or non-Party considers to be Confidential Information or that a non-Party considers to be Highly Confidential Information. It does not constitute a determination that documents or information so designated are Confidential Information or Highly Confidential

Information. Nothing in this Order shall prejudice in any way the right of any Party to seek a determination whether particular documents, information or testimony are confidential business information that should remain subject to the terms of this Protective Order. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

19.     This Protective Order will not be interpreted to and is not intended to keep motions, memoranda supporting motions, orders, and other filings with the Court under seal or under confidentiality. In the event a Party other than the Designating Party makes a filing with the Court containing or referring to Confidential Information, that Party shall make such filing under seal and simultaneously serve a copy of the filing upon the Designating Party. The Designating Party shall have ten (10) business days following service of the sealed filing   to provide a redacted version of the filing to the Party making the filing. At the conclusion of this period, the Party making the filing shall make an unsealed filing of either the redacted version of the filing (if provided by the Designating Party) or, if no redacted version has been provided, of the initial version that was previously filed under seal. The failure of a Designating Party to provide a redacted version within ten (10) business days of such a filing under seal constitutes a waiver of any claim of Confidential Information as to any information contained in such filing. Any filing deadlines that are triggered by the filing of a document under seal shall not be tolled by the subsequent filing of a redacted version.

20.     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify-so that other materials, documents, items,

or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. When designating information as Protected Material, the Designating Party shall use its best efforts to minimize its claim of confidentiality. To the extent reasonably possible, the Designating Party shall offer to (i) redact Confidential or Highly Confidential Information from documents in order to produce a confidential version and a version that contains only non-confidential information and (ii) disclose other non-confidential documents that satisfy the specific needs of the Party or non-Party that requested the information. If it comes to a Party's or non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection asserted, that Party or non-Party must promptly notify the Parties that it is withdrawing the mistaken designation.

21.     Nothing in this Protective Order shall limit or affect the right of a Designating Party to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information or Highly Confidential Information.

22.     Nothing in this Protective Order shall limit or affect the right of the United States to make a confidentiality determination under 40 C.F.R. Part 2, Subpart B for information designated as confidential by Defendant or any non-Party.

23.     Within one hundred twenty (120) days after the conclusion of this Action, i.e., after there is a final judgment no longer subject to appeal, all Protected Material shall be returned to the Designating Party, or destroyed, except that: (i) the United States shall retain Protected Material as may be necessary to comply with applicable law (including, but not limited to, the Federal Records Act and FOIA), and (ii) any Party that received Protected Material and its counsel may maintain archive copies of all pleadings, correspondence, depositions, deposition

exhibits, trial transcripts, trial exhibits, and one complete set of Protected Material produced in this Litigation, together with any attorney work product. If Plaintiff elects to destroy rather than return any Protected Material to the Designating Party, it shall provide the Designating Party with a certificate of destruction signed by the person destroying the documents designating the documents destroyed and the date of destruction. If any Party or its counsel retains Protected Material following the conclusion of this Litigation, it shall continue to be subject to this Protective Order so long as the Party retains such Protected Material, unless or until the Designating Party withdraws its claim of confidentiality or a court determines that the Designating Party's claim of confidentiality is invalid.

24.     Plaintiff may secure any Confidential or Highly Confidential Information previously produced, provided or reported by Defendant to any state, local or federal government agency directly from such government agency. Such information shall be designated as Confidential Information or Highly Confidential Information under this Protective Order and shall thereafter be governed by the terms of this Order. Defendant may seek any relevant information previously produced, provided or reported by any non-Party to EPA that the non-Party has claimed is Confidential Information or Highly Confidential Information within the meaning of this Protective Order, subject to the consent of the non-Party. Such Confidential Information or Highly Confidential Information shall be governed by the terms of this Protective Order.

25.     Counsel for the Parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by the Party they represent and by those acting on its behalf.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

)
UNITED STATES OF AMERICA,            )
                                     )
    Plaintiff,               )
                                     )
    v.                       )    Civil Action No. 4:11-cv-00077-RWS
                                     )
AMEREN MISSOURI,                     )
                                     )
    Defendant.               )
                                     )

## CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER

    The undersigned, _____, hereby acknowledges that I have received a copy of the    Protective Order Regarding Protected Material (including Confidential Information and "Highly Confidential" Information) and Documents entered or to be entered in this Action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound to the terms of the Protective Order to the extent allowed by law, and any amendments thereto as if fully set forth herein, including, without limitation, that I shall not use Protected Material or any copy, excerpt, or summary thereof, or the information contained therein, for any purpose not permitted by the Protective Order; that I shall return to Counsel supplying me with said Protected Material, at the earlier of the end of my involvement or the conclusion of this Action, including any appeals therein, all copies of such Protected Material that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Protected Material that have not otherwise been destroyed by me and certify to such Counsel that all Protected Material in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of Protected Material for any purpose not permitted by the Protective Order; and, that I shall not provide Protected Material to anyone else who has not executed this Agreement or who, pursuant to paragraph 6 of the Protective Order is not entitled to receive Protected Material without executing this Agreement. I further understand that I shall remain bound by the Protective Order after the conclusion of this Action unless otherwise ordered by the Court or a court of competent jurisdiction. I understand that violation of this Protective Order may constitute contempt of an Order of the Court.

Dated:_____

Signature:

Name:

Address: