UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:11 CV 77 RWS ) ) |
| AMEREN MISSOURI, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

The United States of America, acting at the request of the Administrator of the United States Environmental Protection Agency, filed this lawsuit against Ameren Missouri. The EPA alleges Ameren committed various violations of the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, the Missouri State Implementation Plan, and Ameren's Rush Island Plant Title V Permit, when it allegedly undertook major modifications at the Rush Island Plant in Festus, Missouri. This matter is before me on the EPA's Motion to Strike [#81] certain of Ameren's affirmative defenses. For the reasons stated below, the EPA's motion will be granted in part and denied in part.

**Discussion**

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The Rule requires that any motion to strike be filed either before responding to a pleading or, if a response is not required, within 20 days after being served with the pleading. Fed.R.Civ.P. 12(f)(2). A court may consider an untimely motion to strike, however, because it may strike material from the pleadings on its own initiative. Fed.R.Civ.P. 12(f)(1); Lunsford v. United States, 570 F.2d 221, 227 n. 11

(8th Cir. 1977).

Motions to strike are viewed with disfavor and are infrequently granted. Lunsford, 570 F.2d at 229; 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, at 394 (3d ed.2004). A motion to strike should "be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Lunsford, 570 F.2d at 229.

The EPA seeks to strike thirteen of Ameren's affirmative defenses. The affirmative defenses sought to be struck generally fall into two categories: equitable defenses and rulemaking defenses. I will not consider the EPA's arguments regarding Ameren's withdrawn twenty-fourth and twenty-seventh affirmative defenses.

### A.  Equitable Defenses

The EPA argues Ameren's equitable defenses[1] should be struck because they are insufficient as a matter of law and are immaterial to this proceeding. The EPA argues that Ameren's equitable defenses cannot be asserted to bar claims brought by the United States to enforce federal law and protect the public interest.

Under the Case Management Order entered in this matter, the liability and remedy phases of litigation have been bifurcated. Matters regarding remedy discovery and trial will be considered, if necessary, after the completion of the liability phase of litigation.

In it's Response, Ameren indicates that the challenged equitable defenses are not applicable to the determination of whether Ameren is liable for the alleged violations of the

---

[1]The equitable offenses the EPA challenges are: laches (Fifth Defense), estoppel, waiver and acquiescence (Ninth Defense), balance of equities (Twenty-Third Defense), and unclean hands (Twenty-Fifth Defense).

Clean Air Act. Instead, Ameren indicates the equitable defenses are to be asserted if and when this matter enters the remedy phase of litigation.

I decline to strike defenses that will not be asserted until the second phase of this litigation. The Case Management Order clearly indicates that remedy issues will not be considered until the completion of the liability phase of litigation. I will deny the EPA's motion to strike these defenses, without prejudice, to the extent they are to be asserted during the remedy phase of litigation. The EPA will be granted leave to renew its motion to strike Ameren's equitable defenses, if necessary, at the completion of the litigation of this case's liability phase. The parties are reminded that under the Case Management Order entered in this case, the parties are not to engage in remedy discovery prior to the completion of the liability phase of litigation.

**B.      Rulemaking Defenses**

The EPA next argues the rulemaking defenses Ameren asserts in its Eleventh, Twelfth, Fifteenth, Sixteenth, Seventeenth, Twenty-Ninth, and Thirty-Fourth Defenses are jurisdictionally precluded under CAA Section 307(b), 42 U.S.C. § 7607(b).

Section 7607(b)(1) indicates that challenges to final agency actions under the Clean Air Act may be filed only in the United States Court of Appeals for the appropriate circuit. Section 7607(b)(2) indicates that challenges to final agency actions by the EPA under the CAA "shall not be subject to judicial review in civil or criminal proceedings for enforcement." A district court is without jurisdiction under Section 7607(b) to entertain a challenge on a final agency action. U.S. v. Ford Motor Co., 736 F.Supp. 1539, 1552 (W.D. Mo. 1990). However, a defendant is permitted to present it's arguments against the EPA's interpretations of regulations in defense of an enforcement action. Id. A district court may then decline to adopt the EPA's interpretation of

a regulation.  See U.S. v. Am. Nat'l Can Co., 126 F. Supp. 2d 521 (N.D. Ill. 2000);  U.S. v. Owens Contracting Servs., Inc., 884 F.Supp.1095 (E.D. Mich. 1994).[2]

Ameren's Fifteenth, Sixteenth, and Twenty-Ninth Defenses assert challenges to the final agency actions by the EPA under the CAA.  In it's Fifteenth Defense, Ameren argues that in order to be "valid and enforceable," the EPA's interpretations of the PSD and Title V requirements at issue in this case "would require new regulations promulgated in full compliance with the CAA and the Administrative Procedure Act, including public notice and comment."  In it's Sixteenth Defense, Ameren argues the EPA's claims are barred because it is "effectively asking this Court to promulgate new rules that it does not have the authority or jurisdiction to promulgate and that would violate the Constitution's separation of powers."  In it's Twenty-Ninth Defense, Ameren argues "[t]he rules at issue are impermissibly vague and void for vagueness."  Each of these affirmative defenses challenge the regulations themselves, and not the EPA's interpretation of the regulations.  As a result, I am without jurisdiction to consider the Fifteenth, Sixteenth, and Twenty-Ninth Defense and they will be struck.  Ameren will, however, be allowed to present challenges to the EPA's interpretation of the regulations at issue in this matter.

In it's Thirty-Fourth Defense, Ameren argues that, "[t]o the extent certain interpretations of the relevant Missouri PSD and Title V requirements now espoused by Plaintiff in this litigations are unsupported by and inconsistent with Missouri's interpretation of Missouri's own rules, Plaintiff's interpretations fail and are not enforceable."  The Thirty-Fourth Defense will not

---

[2]The parties prematurely assert arguments regarding the level of deference the EPA's interpretations of the regulations at issue in this matter are to be given. I do not address those arguments at this time because they are not dispositive on this issues raised in the current motion.

be struck because it challenges the EPA's interpretations of the regulations at issue in this matter. Ford, 736 F. Supp. at 1552.   In Ameren's Eleventh Defense, Ameren argues the EPA's "claims are barred because the interpretation of the CAA and implementing regulations now espoused by Plaintiff constitute retroactive rulemaking in violation of the Administrative Procedures Act, 5 U.S.C. § 551 et seq and 42 U.S.C. § 7697(d)."

The cases Ameren cites in support of it's argument that I can consider its defense that the EPA's actions violate the APA are not persuasive.  American Nat'l Can Co., 126 F.Supp. at 521, and Owens Contracting Servs., Inc., 884 F.Supp. at 1095, do not present challenges to an agency action in violation of the APA.  Instead, the Courts in those cases declined to adopt the EPA's interpretation of the regulations at issue in those matters.  This does not resolve the issue raised by the Eleventh Defense.

The defendant in Ford asserted the same argument as a counterclaim that Ameren asserts as an affirmative defense.  The defendant in Ford argued that the EPA "adopted a national litigation strategy that has the force and effect of a regulation, but that this policy has not been enacted pursuant to the requirements of the Administrative Procedure Act."  Ford, 736 F. Supp. at 1552.  There, the Court ultimately reasoned that because the defendant's allegations, if taken as true, presented an attack on a final agency action, it was without jurisdiction to entertain the claim under 42 U.S.C. § 7607(b)(1).  The Court went on to note that defendant had been permitted to present it's arguments against the EPA's interpretation of the issue in defense of the enforcement action.  Similarly, Ameren's argument requires that I find that the EPA has engaged in retroactive rulemaking.  I am without jurisdiction to do so under 7607(b)(1) and Ameren's Eleventh Affirmative Defense will be struck.   While I will not entertain challenges to the validity of the

regulations at issue, Ameren will be permitted to present arguments regarding the EPA's interpretation of the regulations.[3]

In it's Twelfth Defense, Ameren argues the EPA, through its enforcement interpretation of the CAA and implementing regulations, is attempting to retroactively change the legal status Ameren's of acts, which is *ultra vires*. The EPA does not directly address this defense in it's motion. I find that at this stage in the litigation it is premature to strike Ameren's *ultra vires* defense. Ameren appears to be challenging the EPA's interpretation of the regulations at issue, and I cannot conclude at this time that this defense has no possible relation to the controversy at issue under Rule 12(f). As a result, the EPA's motion to strike Ameren's *ultra vires* defense is denied.

In it's Seventeenth Defense, Ameren argues the EPA's claims "are barred, in whole or in part, because Plaintiff's enforcement action and the claims asserted in the Amended Complaint are in violation of 5 U.S.C. § 801 et seq., Congressional Review of Agency Rulemaking. Section 801 provides that "[b]efore a rule can take effect, the Federal agency promulgating such rule shall submit to each House of the Congress and to the Comptroller General a report containing-- (i) a copy of the rule; (ii) a concise general statement relating to the rule, including whether it is a major rule; and (iii) the proposed effective date of the rule." Section 805 provides that "[n]o determination, finding, action, or omission under this chapter shall be subject to judicial review." 5 U.S.C. § 805.

---

[3]Alternatively, I could construe Ameren's Eleventh Affirmative Defense as a counterclaim, in which case it would be dismissed for my lacking jurisdiction to entertain the claim. 5 Charles Alan Wright, et al., Federal Practice and Procedure § 1275 (3d ed. 2012

Ameren argues that the EPA's interpretations in this litigation are impermissible rulemakings in violation of the CRARA.  Ameren unpersuasively and conclusively argues that because the EPA's interpretations are "inconsistent with the rules and would significantly revises prior state and federal interpretations" the interpretations"effectively would be new or amended rules subject to notice-and-comment rulemaking and CRARA requirements."

Ameren's Seventeenth affirmative defense will struck for two reasons.  First, under the plain lanaguage of Section 805, I am without jurisdiction to hear Ameren's alleged challenge.  Second, it is not at all clear that the interpretations the EPA's will assert in this matter amount to rulemaking that would be subject to Section 805.  See U.S. v. American Electric Power Service Corp., 208 F.Supp.2d 931, 949 (S.D. Ohio)(2002).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's Motion to Strike [#81] is **GRANTED in part and DENIED in part** as indicated above.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2012.