**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 4:11-cv-00077-RWS |
| AMEREN MISSOURI, ) | |
| Defendant. ) | |

**JOINT SUBMITTAL IN COMPLIANCE WITH
THE COURT'S ORDERS OF MAY 2 AND 16, 2013 (ECF NOS. 131, 136)**

Pursuant to the Court's Orders on May 2, 2013 and May 29, 2013, respectively, (ECF Nos. 131 and 136), Plaintiff United States of America and Defendant Ameren Missouri (collectively, the "Parties"), hereby submit the attached proposed amended case management order in preparation for the status conference set for June 12, 2013. In addition, the Parties identify below the proposed agenda items for the June 12, 2013 status conference:

**Parties Joint Proposed Agenda Items**

1. Timing and completion of document productions;

2. Scheduling depositions as document productions for certain custodians are completed;

3. Remaining case management deadlines and the deadline for referral to mediation;

4. Plaintiff's Motion to Compel Mr. Birk's NSR-related electronically stored information ("ESI"); and

5. Proposed motion to unseal ECF No. 124 and Exhibits (Plaintiff's Motion to Compel Mr. Birk's NSR-related ESI), or, in the alternative, filing of a redacted copy of ECF No. 124 and Exhibits per Paragraph 19 of the Protective Order (ECF No. 89).

## United States' Proposed Agenda Items

1. Limitations on further Fed. R. Civ. P. 34 Requests for Production by Ameren;

2. The applicable legal standard for the "Routine Maintenance, Repair, and Replacement" exemption in 40 C.F.R. § 52.21(b)(2).

## Ameren's Proposed Agenda Items

1. Notice to the Court of the potential inadvertent loss of a portion of Ameren's ESI and the ongoing process to recover that ESI.

Respectfully submitted on this 7th day of June, 2013.

s/Andrew C. Hanson
Justin A. Savage
Senior Counsel
Andrew C. Hanson
Bradford T. McLane
Nigel B. Cooney
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-9859
Facsimile:  (202) 616-6584
Andrew.hanson2@usdoj.gov

Suzanne Moore
Andrew Lay
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Missouri
Thomas Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
Telephone:  (314) 539-2547
Facsimile:  (314) 539-2309
E-mail: Suzanne.Moore@usdoj.gov

*Counsel for Plaintiff the United States of America*

OF COUNSEL:
SEEMA KAKADE
Attorney-Advisor
U.S. EPA, Air Enforcement Division
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

ALEX CHEN
Senior Counsel
Office of Regional Counsel
U.S. EPA, Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219

Respectfully submitted on this 7th day of June, 2013.

s/Matthew B. Mock
Ronald S. Safer (pro hac vice)
Patricia Brown Holmes (pro hac vice)
Renee Cipriano (pro hac vice)
Steven J. Bonebrake (pro hac vice)
Matthew B. Mock (pro hac vice)
Schiff Hardin LLP
233 South Wacker Drive Suite 6600
Chicago, Illinois 60606
(312) 258-5500
Fax:  (312) 258-5600

James J. Virtel
Armstrong Teasdale LLP
7700 Forsyth Boulevard Suite 1800
St. Louis, Missouri  63105
(314) 621-5070
Fax: (314) 612-2298
jvirtel@armstrongteasdale.com

*Counsel for Defendant Ameren Missouri*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:11-cv-00077-RWS |
| AMEREN MISSOURI, | ) |
| Defendant. | ) |

## ATTACHMENT A

## JOINT PROPOSED AMENDED CASE MANAGEMENT ORDER

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 4:11-cv-00077-RWS |
| AMEREN MISSOURI, | ) ) ) | |
| Defendant. | ) ) | |

### JOINT PROPOSED AMENDED CASE MANAGEMENT ORDER

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, and the status conference held on June 12, 2013:

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

   I.   **SCHEDULING PLAN**

   1.   This case has been assigned to Track 3 (Complex).

   2.   Liability discovery and trial shall be bifurcated from remedy discovery and trial. The Court shall take up matters regarding remedy discovery and bench trial after the completion of the liability discovery and jury trial.

   3.   All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **September 4, 2012**.

  4.  Disclosure shall proceed in the following manner:

  a.  The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **March 16, 2012**.

  b.  *See* **Table Below:**

| *United States' Position:* Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **October 3, 2013**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **November 19, 2013**. Plaintiff shall disclose rebuttal experts and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **February 3, 2014**, and shall make rebuttal experts available for depositions, and have depositions completed, no later than **February 25, 2014**. | *Ameren's Position:* Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **December 2, 2013**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 20, 2014**. Plaintiff shall disclose rebuttal experts and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **March 31, 2014**, and shall make rebuttal experts available for depositions, and have depositions completed, no later than **April 28, 2014**. |
|---|---|

  c.  *See* **Table Below:**

| *United States' Position:* Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **December 9, 2013**, | *Ameren's Position:* Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **February 3, 2014**, and shall make |
|---|---|

| | |
|---|---|
| and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 27, 2014**. Defendant shall disclose rebuttal experts and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **February 3, 2014**, and shall make rebuttal experts available for depositions, and have depositions completed, no later than **February 25, 2014**. | expert witnesses available for depositions, and have depositions completed, no later than **March 24, 2014**. Defendant shall disclose rebuttal experts and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **March 31, 2014**, and shall make rebuttal experts available for depositions, and have depositions completed, no later than **April 28, 2014**. |

   d. A limit of twenty-five (25) depositions per side and seventy-five (75) interrogatories per party shall apply.

   e. Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P., are not anticipated.

   f. *See* **Table Below:**

| | |
|---|---|
| *United States' Position:* The parties shall complete all discovery in this case no later than **February 25, 2014**. | *Ameren's Position:* The parties shall complete all discovery in this case no later than **May 16, 2014**. |

   g. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

   5. *See* **Table Below:**

| | |
|---|---|
| *United States' Position:* This case shall be referred to alternative dispute resolution on | *Ameren's Position:* This case shall be referred to alternative dispute resolution on **December** |

| | |
|---|---|
| **September 1, 2013**, and that reference shall terminate on **October 31, 2013**. | **9, 2013**, and that reference shall terminate on **February 10, 2014**. |

      6.    *See* **Table Below:**

| | |
|---|---|
| *United States' Position:* Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than **March 20, 2014**. Opposition briefs shall be filed no later than **May 22, 2014** and any reply brief may be filed no later than **June 5, 2014.** | *Ameren's Position:* Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than **June 16, 2014**. Opposition briefs shall be filed no later than **July 14, 2014** and any reply brief may be filed no later than **July 28, 2014.** |

No later than twenty-one (21) days preceding the deadline for completion of discovery, any party may request **in a written motion** that the Court hold a supplemental conference to discuss issues of scheduling and management of the action. **WHETHER TO GRANT SUCH A REQUEST IS A MATTER FOR THE COURT'S DISCRETION.**

      II.    ORDER RELATING TO TRIAL

| | |
|---|---|
| *United States' Position:* This action is set for a **JURY** trial on **October 9, 2014**, at **9:00 a.m.** to determine liability. This is a **THREE** week docket. **In this case, unless otherwise ordered by the Court, the attorneys shall,** | *Ameren's Position:* This action is set for a **JURY** trial on **January 19, 2015**, at **9:00 a.m.** to determine liability. This is a **THREE** week docket. **In this case, unless otherwise ordered by the Court, the attorneys shall,** |

| not less than twenty (20) days prior to the date set for trial: | not less than twenty (20) days prior to the date set for trial: |

**1.** **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

**2.** **Witnesses:**

a. Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

b. Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3.** **Exhibits:**

a. Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

b. Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

  c. Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

  **4.** **Depositions, Interrogatory Answers, and Request for Admissions:**

  a. Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

  b. Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

  **5.** **Instructions:** Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

  **6.** **Trial Brief:** Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

      **7.**      **Motions In Limine:** File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, at least ten (10) days before trial.

Failure to comply with any part of this order may result in the imposition of sanctions.

Dated this _____ day of June, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE