# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 4:11-cv-00077-RWS |
| | ) |
| AMEREN MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF UNITED STATES OF AMERICA'S MOTION TO DISQUALIFY JEFFREY HOLMSTEAD

Ameren has submitted an expert report from Jeffrey Holmstead, an attorney and former high-level official of the United States Environmental Protection Agency ("EPA"). Mr. Holmstead provides his understanding of the meaning of various Clean Air Act New Source Review ("NSR") provisions, and, based on his understanding, concludes that a specific emissions increase analysis at issue in this -- what he refers to as a "GADS" or "regained hours" analysis -- is "Improper and Not Consistent with the Applicable Regulations." *Id*. at 21; s*ee also id.* at 1-3 (summarizing legal opinions); *id*. at 3-21 (providing Mr. Holmstead's understanding of the Clean Air Act and various regulations); 21 (EPA's emissions analyses are "not relevant under the regulations"); 24 (EPA's analyses are "inconsistent with the rules as adopted and should be rejected").[1] He also provides his opinions concerning EPA's "routine maintenance" exception to NSR liability. *See id.* at 12-14.

---

[1]     Specifically, Mr. Holmstead concludes that a GADS approach is not specifically identified in the 2002 NSR regulations, and that it is thus not "a valid method for emissions analysis." *Id.* at 23. As an initial matter, Mr. Holmstead's conclusion does not follow from his premise. It is hardly surprising that the rules do not specifically identify every single type of data

Mr. Holmstead's legal opinions are irrelevant, speculative, and inadmissible.   Mr. Holmstead is a lawyer offering his opinion on the meaning of the NSR rules and the specific *legal* question of whether certain emissions analyses are "relevant" and "consistent with the applicable regulations."   *Id.* at 21.   That is the Court's job, not an expert's.   *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900-01 (7th Cir. 1994) ("the meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts.   It is a question of law, to be resolved by the court.").   But there is also a more pressing problem with Mr. Holmstead's testimony, which necessitates this motion.   By his own description, Mr. Holmstead's testimony relies on his recollection of EPA "internal meetings" that he says are relevant to the issues to be tried in this action.   Such internal communications are privileged and confidential and Mr. Holmstead may not rely on his recollection of them to testify against EPA. Moreover, Mr. Holmstead received other privileged information concerning the issues about which he now seeks to testify on behalf of Ameren, and participated in power-plants enforcement cases related to this one while at EPA.   Before he left EPA, he even personally provided a declaration for EPA that is at issue in this and other related power-plants enforcement cases asserting privilege claims on behalf of EPA over documents that are relevant to the opinions he now seeks to offer.   Yet he now seeks to change sides and testify against EPA. Moreover, he was assisted in the preparation of his report by another former EPA attorney who

---

that can be used to perform NSR emissions calculations.  Rather, the 2002 NSR rules apply to many different types of sources, generally requiring sources to predict emissions increases using an actual-to-projected-actual emissions methodology.  *New York v. EPA*, 413 F.3d 3, 16 (D.C. Cir. 2005).  The rules thus broadly require that such emissions predictions must be based on "all relevant information, including but not limited to historical operational data . . .".  40 C.F.R. § 52.21(b)(41)(ii)(a).  GADS data are simply one specific type of "historical operational data" that utilities use to assess their plants.

was involved in the early stages of the investigation that ultimately led to the filing of this case. For the reasons discussed in the accompanying Memorandum, Mr. Holmstead should not be allowed to testify in this matter due to his multiple conflicts of interest.

**Certification of Attempt to Resolve This Issue**:  Pursuant to Local Rule 3.04, counsel have conferred in good faith regarding this issue and were unable to reach an agreement.  The parties' initial efforts were memorialized in a series of correspondence discussed in the United States' July 8 Motion to extend the deadline for any necessary deposition of Mr. Holmstead (ECF # 285).   Despite further efforts, the parties have been unable to resolve this issue.

Respectfully submitted,

SAM HIRSCH
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Bradford McLane
Bradford McLane
Nigel Cooney
Andrew Hanson
Elias Quinn
Jason Dunn
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 305-0544
Facsimile:  (202) 616-6584
Bradford.McLane@usdoj.gov


Suzanne Moore
Andrew Lay
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Missouri
Thomas Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
Telephone:  (314) 539-2547
Facsimile:  (314) 539-2309
E-mail: Suzanne.Moore@usdoj.gov

4

OF COUNSEL:
SEEMA KAKADE
Attorney-Advisor
U.S. EPA, Air Enforcement Division
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

ALEX CHEN
Senior Counsel
Office of Regional Counsel
U.S. EPA, Region 7
11201 Renner Blvd.
Lenexa, KS 66219

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2014, I served the foregoing with the Clerk of Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record, who are listed below:

> Ronald S. Safer (pro hac vice)
> Patricia Brown Holmes (pro hac vice)
> Renee Cipriano (pro hac vice)
> Steven J. Bonebrake (pro hac vice)
> Matthew B. Mock (pro hac vice)
> Schiff Hardin LLP
> 233 South Wacker Drive Suite 6600
> Chicago, Illinois 60606
> Phone: (312) 258-5500
> Fax: (312) 258-5600
>
> James J. Virtel
> Armstrong Teasdale LLP
> 7700 Forsyth Boulevard Suite 1800
> St. Louis, Missouri  63105
> Phone: (314) 621-5070
> Fax: (314) 612-2298
> jvirtel@armstrongteasdale.com
>
> *Counsel for Defendant Ameren Missouri*

s/ Bradford McLane
BRADFORD McLane