UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-CV-00077-RWS |
| ) | |
| AMEREN MISSOURI, ) | Judge Rodney W. Sippel |
| ) | |
| Defendant. ) | |
| ) | |

**AMEREN MISSOURI'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY REGARDING EPA'S STATEMENTS ABOUT
IMPROVING THE EFFICIENCY OF COAL-FIRED POWER PLANTS**

In January 2011, EPA filed this lawsuit against Ameren, claiming that by replacing the economizer, reheater, and air preheater components of Rush Island Units 1 and 2, Ameren should have expected emissions to *increase*. Three and a half years later, in June 2014, EPA released a proposed rule on greenhouse gas emissions, stating *exactly the opposite*. In this new proposed rule, EPA specifically announces to the public and the regulated community that EPA expects replacements of economizer, reheater, and air preheater components of coal-fired electric generating units to cause efficiency improvements, which in turn reduce fuel consumption, which in turn *reduces* emissions. In other words, operators that perform these component replacement projects should expect emissions from those units to *decrease* as a result of these component replacement projects. EPA bases these statements on its own thorough study and analysis, and that of its expert consultants like Sargent & Lundy. Moreover, EPA identifies efficiency improvements from these component replacement projects as the very first "building block" for reducing greenhouse gas emissions.

The fact that EPA has directly contradicted itself is an important development in this case.  There are many examples of EPA saying one thing to serve its purposes in a certain context, and later saying something conflicting that is expedient in another context.  This particular example, however, cuts to the core of this case.  Ameren expected efficiency improvements as a result of its replacement of economizer, reheater, and air preheater components at Rush Island, and therefore it did not expect those projects to cause increased emissions.  Ameren's expert witness, Marcus Caudill, has explained why those efficiency improvements should have been expected, and in fact did occur.  It is now clear that (outside of this litigation) EPA, consistent with Ameren and Mr. Caudill, believes that these types of projects cause efficiency improvements and emission reductions.  Perhaps not surprisingly, EPA's expert witness, Robert Koppe, declined to do any analysis on this issue (though EPA now wants to supplement Mr. Koppe's report to rebut Mr. Caudill).

Promptly after learning of EPA's contradictory position, Ameren sought discovery on the underlying analysis and study supporting EPA's new proposed rule.  When EPA refused to provide this discovery, Ameren was forced to move to compel, particularly given that EPA released its new proposed rule with very little time remaining in discovery.  Now EPA asks the Court to deny Ameren's motion to compel without prejudice as moot "in light of [EPA]'s efforts to provide the requested discovery," which EPA claims it is "endeavoring to provide."  (ECF #317 at 1, 3.)  Nothing has come of this yet.  Ameren still awaits full and candid disclosure of the documents and information it seeks on this fundamental issue.  Notwithstanding EPA's vague assurances about "efforts" it is "endeavoring" to make, it is apparent from EPA's objections and responses to Ameren's discovery requests, and its response brief, that it intends to stand on

various objections such that either no discovery ultimately will be provided, or if any, very narrowly restricted discovery.

As a result, unfortunately, Ameren's motion to compel is not moot. Rather, it is clear that an order is needed compelling EPA to provide full discovery on this issue that cuts to the core of this case, even though such discovery may undercut the claims EPA asserted back in 2011 — indeed, that is what makes an order compelling this discovery so important.

## ARGUMENT

Ameren's discovery is specifically targeted at documents and information in EPA's possession on the efficiency-improving nature of component replacement projects — projects just like those Ameren undertook at Rush Island in 2007 and 2010 — as described, for example, in EPA's Technical Support Document (TSD) for the new proposed rule on greenhouse gas emissions. Contrary to EPA's assertions, Ameren does not seek discovery of the rulemaking process or the policy decisions underlying the new proposed rule. Ameren seeks only facts related to the expected efficiency improvements due to certain repair and replacement activities at coal-fired electric generating units — including those that occurred in Region 7 — as summarized in EPA's own publications. Yet EPA continues to resist providing this discovery.

Accordingly, Ameren's Motion to Compel is not moot; EPA refuses to produce considerable amounts of discovery. EPA claims that it has already disclosed the facts relevant to the efficiency issues through its expert reports and prior depositions. That is certainly not the case. The TSD demonstrates that EPA has additional information on the efficiency improvements an operator should expect from projects such as those that were undertaken at Rush Island — information that directly supports Ameren's positions and the opinions of Ameren's experts. EPA has no basis to withhold such information.

3

EPA dodges many of Ameren's discovery requests by asserting unfounded claims of privacy and confidentiality. For example, it refuses to identify the EPA personnel with knowledge of the facts regarding the expected efficiency improvements, claiming that person's identity must be kept private. Ameren wishes to depose this person or persons, but EPA says that Ameren must content itself with a Rule 30(b)(6) deposition. (Ex. A, *See* Plaintiff's Responses to Interrogatories Nos. 64(a), 64(b), 64(c), 64(d), 65(a), 65(b), and 65(d), attached hereto.) EPA's privacy concerns are unfounded; and in any event they can be addressed by designating evidence (including identities of relevant personnel) as confidential under the protective order in this case, which prohibits the use of confidential and highly confidential information "for any business, commercial, competitive, personal, or other purposes unrelated to the conduct of this Action." They are no reason to deny Ameren discovery on this central issue.

EPA also refuses to produce documents related to the efficiency improvements, saying that it "expects" most of the relevant documents to be covered by the deliberative process privilege. Apparently, EPA has not made that assessment with respect to any specific document; it asserts the privilege categorically. That is improper. (Ex. B, *See* Plaintiff's Responses to Ameren's Request for Production No. 126, attached hereto.)

Finally, EPA refuses to provide any information about the seven efficiency-improving projects undertaken at a coal-fired power plant in Region 7 (the EPA Region that covers Missouri). Citing confidentiality concerns of the power plant at issue, EPA refuses to identify what components were replaced as part of those seven projects or the specific efficiency gains that were realized through those projects, even though EPA specifically cites these seven projects as proof that component replacements at power plants improve efficiency and reduce emissions by burning less coal. EPA even refuses to identify the EPA employee in Region 7 that collected

4

and provided the information about these seven projects. (Ex. A, Plaintiff's Responses to Interrogatories Nos. 64(h), 64(i), 64(j), attached hereto.) Again, any concerns that EPA has about confidentiality can easily be addressed by the existing Protective Order in this case. Ameren cannot contact the utility at issue directly to take third-party discovery, because EPA refuses even to identify it.

Ameren is plainly entitled to discovery related to the efficiency improvements discussed in EPA's TSD. EPA cannot prevent discovery on its statements and the facts within its possession simply because those statements and facts directly contradict EPA's position in this case and the opinions of its expert Mr. Koppe. Ameren is entitled to this discovery and the Court and the jury are entitled to learn these facts.

## CONCLUSION

Ameren's motion to compel should be granted. The Court should order EPA to produce documents responsive to Ameren's Requests for Production 123 through 130, to fully answer Interrogatory Nos. 64 and 65, and to provide a representative witness to give testimony in response to Ameren's Rule 30(b)(6) Notice of Deposition on Efficiency and Heat Rate Issues. In the alternative, Ameren requests the Court set this motion for hearing on September 9, 2014.

Dated: August 25, 2014                     Respectfully submitted,

/s/ Matthew B. Mock
Ronald S. Safer
Patricia Brown Holmes
Renee Cipriano
Steven J. Bonebrake
Matthew B. Mock
Joshua R. More
(All admitted *pro hac vice*)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600

5

Chicago, Illinois 60606
(312) 258-5500
Fax:  (312) 258-5600

James J. Virtel
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard Suite 1800
St. Louis, Missouri  63105
(314) 621-5070
Fax: (314) 612-2298
jvirtel@armstrongteasdale.com

*Counsel for Defendant Ameren Missouri*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2014, I electronically filed the foregoing **Ameren Missouri's Reply in Support of its Motion to Compel Discovery Regarding EPA's Statements about Improving the Efficiency of Coal-Fired Power Plants** with the Clerk of Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record, who are listed below:

> Andrew C. Hanson
> Bradford T. McLane
> Nigel B. Cooney
> Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, DC  20044-7611
> Telephone:  (202) 305-0544
> Facsimile:  (202) 616-6584
> andrew.hanson2@usdoj.gov
> bradford.mclane@usdoj.gov
> nigel.cooney@usdoj.gov
>
> Suzanne J. Moore
> Andrew J. Lay
> United States Attorney's Office
> Eastern District of Missouri
> Thomas Eagleton U.S. Courthouse
> 111 South 10th Street, 20th Floor
> St. Louis, MO 63102
> Telephone:  (314) 539-2547
> Facsimile:  (314) 539-2309
> suzanne.moore@usdoj.gov
> andrew.lay@usdoj.gov

/s/ Matthew B. Mock