**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

_____
)
UNITED STATES OF AMERICA,                     )
)
    Plaintiff,                                   )
)
        v.                                   )     Civil Action No. 4:11-cv-00077-RWS
)
AMEREN MISSOURI,                              )
)
    Defendant.                                   )
_____)

**PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER/ MOTION TO QUASH DEFENDANT'S SUBPOENA TO THE ELECTRIC POWER RESEARCH INSTITUTE**

Discovery in this case closed on September 19, 2014, with only limited exceptions permitted by the Court.  (ECF Nos. 312, 351, 357).  Nevertheless, on the last day of discovery, Defendant Ameren Missouri issued a subpoena under Fed. R. Civ. P. 45 for the deposition of a representative of the Electric Power Research Institute ("EPRI"), a nonprofit organization of electric power companies of which Ameren is a member.  Ameren has attempted to schedule the deposition for October 28, 2014, six weeks after the close of discovery, without leave of the Court and without an extension of the discovery deadline in the case management order. Ameren has belatedly stated that it intends to seek leave to take the deposition out of time, but Ameren has been on notice that EPRI had discoverable information for the last two and a half years, if not longer.  For its own reasons, until now Ameren chose not to pursue it.  Enough is truly enough.  Ameren's eleventh hour attempt to take discovery through a third party subpoena after the deadline set by the Court should be quashed.

## BACKGROUND

### A.  The Case Management Order and Discovery Schedule

The discovery schedule has been amended multiple times since discovery opened two and a half years ago.  During this lengthy discovery period, the parties have exchanged hundreds of thousands of documents and have taken 70 depositions, trekking across the country from Olympia, Washington; Lincoln, Nebraska; Philadelphia, Pennsylvania; Atlanta, Georgia; Jefferson City, Missouri; Washington, D.C.; Chicago, Illinois; and, of course, to St. Louis.

In the most recent amendment to the scheduling order and with discovery finally drawing to a close, the Court ordered that the "Parties shall complete <u>all</u> discovery in this case no later than <u>September 19, 2014.</u>"  (ECF No. 312) (emphasis in original).  Due to scheduling difficulties among the parties, the Court later carved out exceptions for three deposition dates to occur on October 2, 3 (to be taken by Ameren) and October 15 (to be taken by the United States).   (ECF Nos. 351, 357).  As the Court said at the September 9, 2014 status conference:  "Nothing else after the 15th."  (Ex. A, Hrg. Trans. at 109:18-20).

### B.  Ameren's Subpoena to EPRI

Despite the Court's orders, on September 19, the last day of discovery, Ameren issued a subpoena for the October 28, 2014 deposition of EPRI, "a membership organization composed of domestic utilities engaged in the commercial production of electricity." *United States v. Alabama Power Co.*, 730 F.3d 1278, 1284, fn. 4 (11th Cir. 2013) *quoting Critical Mass Energy Project v. Nuclear Regulatory Comm'n,* 830 F.2d 278, 280 n. 10 (D.C. Cir. 1987).  Ameren only advised the United States of its intent to seek leave to take the deposition out of time on September 29, 2014, ten days after it issued the subpoena.

### C.  Discovery on the EPRI Document

Ameren's subpoena seeks Rule 30(b)(6) testimony from an EPRI representative concerning "[t]he report titled 'Economic Evaluation of Plant-upgrading Investments', Volumes 1 and 2 (EPRI EA-3890, Project 2074-1, February 1985), including but not limited to the conceptual equation presented in Figure 3-1 on page 3-1 of Volume 1."  (Ex. B, 9/19/2014 Subpoena to EPRI).

Ameren has had ample opportunity to take discovery on the EPRI document referenced in its subpoena during the last two and a half years.  The United States disclosed the relevance of the EPRI document on April 30, 2012, in response to Ameren's Interrogatory No. 3(a).  (Ex. C, 4/30/12 Pl. Resp. Obj. to Def. Int. No. 2(b)).[1]  The United States also produced the 1985 EPRI document with the interrogatory responses.   In addition, the formula found in the EPRI document has been the subject of extensive expert discovery.  The United States' expert on power plant performance assessment, Mr. Robert Koppe, devotes a chapter on the EPRI methodology in his December 20, 2013 report, issued nine months ago.  (Ex. D, Koppe Report, Section 20 at 102-104).  The United States' expert on power plant cost-benefit analysis and

---

[1] The United States' response to Interrogatory No. 3 specifically stated:

> Finally, Plaintiff's air pollution analyses identified in response to Interrogatory No. 2(b) are grounded in the longstanding industry practice of and method for identifying generation increases expected to result from replacing failing major components at coal-fired generating units, including the following industry publications which are being produced with these responses:  Electric Power Research Institute, "Economic Evaluation of Plant-upgrading Investments, Vol. 1: Summary Report" (February 1985); Electric Power Research Institute, "Economic Evaluation of Plant-upgrading Investments, Vol. 2: Case Studies" (February 1985).

(Ex. C, 4/30/12 Pl. Resp. Obj. to Def. Int. No. 3(a)).

generation planning, Myron Adams, likewise relies on the EPRI report to conclude that Ameren's cost-benefit analyses for the 2007 and 2010 Overhauls reflect industry practice and Ameren's expectation of increased generation from the Overhauls.  (Ex. E, Adams Corrected Report at 16, 19, 43).  Ameren had the opportunity to depose Mssrs. Koppe and Adams on the EPRI methodology, and with respect to Mr. Koppe, did so extensively. (Ex. F, 2/27/14 Koppe Dep. at 424:12-433:9 ("Q: Mr. Koppe, now I'd like to talk about Section 20 of your report, Exhibit 1, which is regarding the EPRI report.").  One of Ameren's own experts addressed the EPRI document in his expert report.  (Ex. G, Expert Report of Michael King, at 18-21).

Ameren knew that the United States had produced the EPRI documents years ago and that the United States intended to rely upon them.  But prior to issuing the subpoena, Ameren never sought to take the deposition of EPRI during more than two and a half years of discovery, has yet to seek leave of the court to take the deposition out of time, and never requested an extension to the case management order.  Ameren has had ample time during the last two and a half years to take more discovery concerning the EPRI report.  For reasons known only to Ameren, it chose not to do so.

## ARGUMENT

Ameren cannot show the required "good cause" or "extraordinary circumstances" for amending the scheduling order to permit its tardy request for third party discovery on the EPRI Report. Fed. R. Civ. P. 16(b)(4); (ECF No. 89 (schedule will be modified only upon a showing of "extraordinary circumstances").  Further, under Rule 26(b)(2)(C)(ii), the Court must limit "the frequency or extent of discovery if it determines that…the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;…"  Fed. R. Civ. P. 26(b)(2)(C)(ii).

4

Courts have routinely quashed subpoenas for post-discovery depositions or document productions where there was ample time in discovery to obtain the information. *Phipps v. Adams*, 2012 WL 3074047 (S.D. Ill.) (Wilkerson, J.) ("As to the issue of untimeliness, the Court agrees with Defendants that Plaintiffs waited in this case until the eleventh hour before the close of discovery to determine that it needed another deposition…"); *Marzoll v. Marine Harvest US, Inc.*, 2009 WL 3631403 (D. Me.) ("[P]arties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery.") *quoting Williamson v. Horizon Lines*, 248 F.R.D. 79, 83 (D. Me. 2008); *Fleetwood Transportation Corp. v. Packaging Corporation of America*, 2011 WL 6151479 (M.D.N.C.) (quashing subpoena issued after the close of discovery as untimely); *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) (following majority rule that Rule 45 subpoenas are subject to discovery limits and deadlines; subpoena issued after close of discovery was untimely).  As the Court in *Dreyer* explained:

> To allow a party to continue with formal discovery – that is, discovery which invokes the authority of the Court – whether in the guise of Rule 45 or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial.

204 F.R.D. at 123 (citations omitted).

That is exactly the case here.  Ameren apparently intends to seek leave to continue with discovery (after having already issued the subpoena) notwithstanding the Court's most recently amended scheduling order (ECF No. 312) and subsequent orders (ECF Nos. 351, 357).  Ameren has had since at least April 30, 2012 to probe the 1985 EPRI report and in fact did so on multiple occasions during discovery.  The EPRI report, which is nearly 30 years old, was produced more than two years ago, was referenced in expert reports months ago, and was the subject of expert

discovery already taken.  Ameren simply has no excuse for brazenly noticing an out of time deposition without permission concerning a document that it has known about for several years.

In the end, everyone must play by the discovery rules.  Ameren should not be permitted to ignore the Court's orders by continuing discovery on its own schedule and belatedly seeking leave to take a deposition out of time.  Discovery has closed and no depositions other than those specifically excepted by the Court should be allowed.  Ameren's subpoena to EPRI should be quashed as untimely and in violation of this Court's orders.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' Motion for a Protective Order and Motion to Quash Ameren's subpoena to the Electric Power Research Institute as untimely.

Respectfully submitted,

SAM HIRSCH
Acting Assistant Attorney General
Environment and Natural Resources Division

s/Andrew C. Hanson
Andrew C. Hanson
Bradford T. McLane
Elias Quinn
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-9859
Facsimile:  (202) 616-6584
Andrew.hanson2@usdoj.gov

Suzanne Moore
Andrew Lay
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Missouri
Thomas Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
Telephone:  (314) 539-2547
Facsimile:  (314) 539-2309
E-mail: Suzanne.Moore@usdoj.gov

OF COUNSEL:
SEEMA KAKADE
Attorney-Advisor
U.S. EPA, Air Enforcement Division
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

ALEX CHEN
Senior Counsel
Office of Regional Counsel
U.S. EPA, Region 7
11201 Renner Blvd.
Lenexa, KS 66219

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2014, I served the foregoing with the Clerk of Court using the CM/ECF system, which will cause an electronic copy to be served on counsel of record, who are listed below:

Ronald S. Safer (pro hac vice)
Patricia Brown Holmes (pro hac vice)
Renee Cipriano (pro hac vice)
Steven J. Bonebrake (pro hac vice)
Matthew B. Mock (pro hac vice)
Schiff Hardin LLP
233 South Wacker Drive Suite 6600
Chicago, Illinois 60606
Phone: (312) 258-5500
Fax: (312) 258-5600

James J. Virtel
Armstrong Teasdale LLP
7700 Forsyth Boulevard Suite 1800
St. Louis, Missouri  63105
Phone: (314) 621-5070
Fax: (314) 612-2298
jvirtel@armstrongteasdale.com

*Counsel for Defendant Ameren Missouri*

s/Andrew C. Hanson
Andrew C. Hanson