**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:11-cv-00077-RWS |
| AMEREN MISSOURI, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER/ MOTION TO QUASH DEFENDANT'S SUBPOENA TO THE ELECTRIC POWER RESEARCH INSTITUTE**

# Exhibit B



David C. Scott
312.258.5575
dscott@schiffhardin.com

233 SOUTH WACKER DRIVE
SUITE 6600
CHICAGO, ILLINOIS  60606

*t* 312.258.5500
*f* 312.258.5600

www.schiffhardin.com

September 19, 2014

**BY CERTIFIED MAIL**

Salvador A. Casente, Jr.
Electric Power Research Institute
General Counsel and Vice President of Legal and Compliance
3420 Hillview Avenue
Palo Alto, CA 94304

Re: *United States v. Ameren Missouri*, No.11-cv-00077-RWS
United States District Court for the Eastern District of Missouri

Dear Mr. Casente:

We represent Ameren Missouri ("Ameren") in the above-referenced litigation currently pending in the United States District Court for the Eastern District of Missouri. Enclosed is a subpoena for a deposition of a representative of the Electric Power Research Institute ("EPRI"), in connection with this litigation pursuant to Federal Rule of Civil Procedure 30(b)(6). Thank you for agreeing to accept service of this subpoena on behalf of EPRI.

Please contact us at your convenience to discuss the logistics for this deposition, including, for example, the expenses associated with this deposition, as well as a date, time, and location for the deposition that will be convenient for EPRI's designated representative.

Please do not hesitate to contact me at 312-258-5575 to discuss any of the foregoing.

Sincerely,

*/s/ David C. Scott*

David C. Scott

Enclosures
cc:  Counsel of record
    (by e-mail w/ enclosures)

CHICAGO  |  WASHINGTON  |  NEW YORK  |  LAKE FOREST  |  ATLANTA  |  SAN FRANCISCO  |  ANN ARBOR

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:11-CV-00077-RWS |
| Ameren Missouri | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Electric Power Research Institute, c/o Salvador A. Casente, Jr., General Counsel and Vice President of Legal and Compliance, 3420 Hillview Avenue, Palo Alto, CA 94304, via Certified Mail with permission and by agreement

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See the topic set forth in the attached Notice of Rule 30(b)(6) Deposition.

| Place: Schiff Hardin LLP, One Market, Spear Street Tower, Suite 3200, San Francisco, CA 94105, or at a mutually convenient and agreeable location, date, and time | Date and Time: 10/28/2014 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and possibly audiovisual means.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/19/2014

| *CLERK OF COURT* | OR | /s/ David C. Scott |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ameren Missouri , who issues or requests this subpoena, are:

David C. Scott, Schiff Hardin LLP, 233 South Wacker Dr., Suite 6600, Chicago, IL 60606, (312) 258-5575, dscott@schiffhardin.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:11-CV-00077-RWS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: Salvador A. Casente, Jr., General Counsel and Vice President of Legal and Compliance, 3420 Hillview Avenue, Palo Alto, CA 94304, via Certified Mail with permission and by agreement     on *(date)*   09/19/2014   ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:   09/19/2014                                  /s/ David C. Scott
                                                      *Server's signature*

                                                   David C. Scott
                                                   *Printed name and title*
                                                   Schiff Hardin LLP
                                                   233 S. Wacker Dr., Suite 6600
                                                   Chicago, IL 60606

                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:11-CV-00077-RWS |
| v. ) | |
| ) | Judge Rodney W. Sippel |
| **AMEREN MISSOURI,** ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF DEPOSITION OF ELECTTRIC POWER RESEARCH INSTITUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Defendant Ameren Missouri ("Ameren"), by its attorneys, will take the deposition of the Electric Power Research Institute ("EPRI") on October 28, 2014 at 9:00 a.m. at Schiff Hardin LLP, One Market, Spear Street Tower, Suite 3200, San Francisco, CA 94105, or at a mutually convenient and agreeable location, date, and time. The deposition will be taken upon oral examination before an official authorized by law to administer oaths, will be recorded by stenographic means, and may be recorded by audiovisual means.

Pursuant to Rule 30(b)(6), EPRI shall make available and designate one or more of its officers, directors, managing agents, or other persons who are prepared to, and have authority to testify on behalf of EPRI, about the topics listed on Attachment A.

Dated:  September 19, 2014  /s/ *David C. Scott*

Ronald S. Safer
Patricia Brown Holmes
Renee Cipriano
Steven J. Bonebrake
Matthew B. Mock
SCHIFF HARDIN LLP
233 South Wacker Drive Suite 6600
Chicago, Illinois 60606
Phone: (312) 258-5500
Fax: (312) 258-5600
All admitted *pro hac vice*

James J. Virtel
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard Suite 1800
St. Louis, Missouri  63105
Phone: (314) 621-5070
Fax: (314) 612-2298
jvirtel@armstrongteasdale.com

*Counsel for Defendant Ameren Missouri*

## **ATTACHMENT A**

## **TOPICS OF EXAMINATION**

1. The report titled "Economic Evaluation of Plant-upgrading Investments", Volumes 1 and 2 (EPRI EA-3890, Project 2074-1, February 1985), including but not limited to the conceptual equation presented in Figure 3-1 on page 3-1 of Volume 1.

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 19, 2014, I served the foregoing **Notice of Deposition of Electric Power Research Institute Pursuant to Federal Rule of Civil Procedure 30(b)(6)** on counsel of record for Plaintiff, who are listed below, by e-mail:

     Andrew C. Hanson
     Bradford T. McLane
     Nigel B. Cooney
     Environmental Enforcement Section
     Environment and Natural Resources Division
     U.S. Department of Justice
     P.O. Box 7611
     Washington, DC  20044-7611
     Telephone:  (202) 305-0544
     Facsimile:  (202) 616-6584
     andrew.hanson2@usdoj.gov
     bradford.mclane@usdoj.gov
     nigel.cooney@usdoj.gov

     Suzanne J. Moore
     Andrew J. Lay
     United States Attorney's Office
     Eastern District of Missouri
     Thomas Eagleton U.S. Courthouse
     111 South 10th Street, 20th Floor
     St. Louis, MO 63102
     Telephone:  (314) 539-2547
     Facsimile:  (314) 539-2309
     suzanne.moore@usdoj.gov
     andrew.lay@usdoj.gov

and on the following counsel for the Electric Power Research Institute, via Certified Mail with permission and by agreement:

     Salvador A. Casente, Jr.
     Electric Power Research Institute
     General Counsel and Vice President of Legal and Compliance
     3420 Hillview Avenue
     Palo Alto, CA 94304


               */s/ David C. Scott*