UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   4:11 CV 77 RWS |
| | ) | |
| AMEREN MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant Ameren Missouri ("Ameren")'s motion to certify

for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Plaintiff the United States of America,

acting at the request of the Administrator of the United States Environmental Protection Agency

("EPA"), opposes Ameren's motion.  I have carefully considered the issues raised by this motion

and heard oral argument on this motion on February 25, 2016.  For the reasons that follow, I will

deny Ameren's motion.

## Legal Standard

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.

There are three requirements that must be met before a district court opinion may be certified for

interlocutory appeal.  *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994).  "[T]he district court must

be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial

ground for difference of opinion; and (3) certification will materially advance the ultimate

termination of the litigation." *Id.* (internal quotations omitted).  These three statutory

requirements are jurisdictional, and all must be present for certification to be proper.  *Id.* at 376.

It is "the policy of the courts to discourage piece-meal appeals because most often such

appeals result in additional burdens on both the court and the litigants."  *Id.*  In accordance with

the policy of discouraging interlocutory appeals, "§ 1292(b) should and will be used only in

exceptional cases where a decision on appeal may avoid protracted and expensive litigation . . .

." *Id.*  "The movant bears the heavy burden of demonstrating that the case is an exceptional one

in which immediate appeal is warranted."  *Id.*  It is within the trial court's discretion to grant or

deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to

certify the appeal.  *Id.* (internal citations omitted).

## Discussion

Ameren moves to appeal my Memorandum and Order of January 21, 2016, in which I

denied Ameren's Motion for Summary Judgment No. 1: Concerning the Missouri SIP's

Construction Permitting Rule.  *See* [#711].  Ameren moves to certify the following question for

interlocutory appeal:

Under the plain language of the Missouri's SIP's Construction Permits Rule, 10 C.S.R.
10-6.060, a proposed construction project requires a "Prevention of Significant Deterioration"
(PSD) permit only if the project meets both of two specifically-defined regulatory criteria. The
Project must be both (1) a "modification" and (2) a "major modification." The parties agree that
the projects challenged in this case are not "modifications" under the Missouri SIP. The Court
has ruled that the "modification" criterion of the Construction Permits Rule is not a requirement
under the SIP; a project need be only a "major modification." Does 10 C.S.R 10-6.060 require a
PSD permit only if the project is both a modification and a major modification?

### A.  Controlling Question of Law

"All that must be shown in order for a question to be 'controlling' is that resolution of the

issue on appeal could materially affect the outcome of the litigation in the district court."

*Emerson Elec. Co. v. Yeo*, No. 4:12CV1578 JAR, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5,

2013) (internal citations omitted).  The question for appeal must be a question of law as opposed to a question of fact or matter for the court's discretion.  *See White*, 43 F.3d at 377.

In this case, the order being appealed is a denial of Ameren's motion for full summary judgment.  As Ameren argues, its proposed question is a controlling question of law because, if the question were answered in Ameren's favor, and it were found that a project must be both a "modification" and a "major modification" for the PSD program to apply, the entire case will be over because EPA has never alleged that the challenges projects were "modifications" under Ameren's interpretation of the term.  As a result, the question presented is "controlling" under the meaning of § 1292(b).

## B. Substantial Grounds for Difference in Opinion

Substantial grounds for a difference of opinion exists when: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions"; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.  *Emerson Elec. Co. v. Yeo*, No. 4:12CV1578 JAR, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5, 2013) (quoting *Newsome v. Young Supply Co.*, 873 F.Supp.2d 872, 876–77).  The difference of opinion must arise out of genuine doubt as to the correct legal standard.  *Id.* (internal citations omitted).  Thus, a moving party's citation to a number of conflicting decisions on the same issue might constitute a sufficient basis for the finding that substantial differences of opinion exist.  *See White*, 43 F.3d at 378.  "A court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute."  *Id.* (citing *APCC Services, Inc. v. Sprint Communications Co., L.P.*, 297 F.Supp.2d 90, 98 (D.D.C.2003)).

Ameren argues that there are substantial grounds for difference in opinion on its proposed question.  Ameren contends that the decision of the United States Court of Appeals for the Seventh Circuit in *United States v. Cinergy Corp.*, 623 F.3d 455 (7th Cir. 2010), "raises issues that are at least similar to Ameren's summary judgment motion."  [#715] at 3.  Citing to a single case that raises "similar" issues and comes out differently does not establish substantial grounds for differences in opinion.  Additionally, as Ameren recognizes, I already found *Cinergy* to be distinguishable from this case in three distinct ways.  *See* [#711] at 14-16.  While identification of "a sufficient number of conflicting and contradictory opinions" would provide substantial ground for disagreement, *White v. Nix*, 43 F.3d 374, 378 (8th Cir.1994), citation to a single similar but distinguishable case does not create a contradiction or conflict sufficient to establish that substantial grounds for differences in opinion exist.  *See also Bowden v. Meinberg*, No. 4:12CV1824 JAR, 2014 WL 4802030, at *2 (E.D. Mo. Sept. 23, 2014).

Ameren does correctly note that, in my Memorandum and Order of January 21, after distinguishing *Cinergy*, I stated, "Finally, to the extent that this case is indistinguishable from *Cinergy* in these or any other aspects, for the reasons stated above, I disagree with the Seventh Circuit's holding." *Id.* at 16.  By inserting this language into the order I did not mean to convey that I harbor genuine doubt as to the correct legal standard.  Rather, my intent was, and remains, to highlight that even if *Cinergy* were indistinguishable from this case (which I do not believe it is), I also find it to be unpersuasive here.

Finally, Ameren raises several issues in its reply brief on which it believes reasonable minds could disagree.  These arguments, however, are all arguments Ameren raised at summary judgment and which I have already considered and rejected.  As a result, here, too, Ameren has not established that substantial grounds for differences in opinion exist.  *See In re Methyl*

4

*Tertiary Butyl Ether Products Liab. Litig.*, 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("[A] party that offers only arguments rejected on the initial motion does not meet the second requirement of § 1292(b).").

### C.  Materially Advance the Ultimate Termination of the Litigation

Ameren argues that an interlocutory appeal will materially advance the ultimate termination of this case.  Familiarity with the procedural history of this case is presumed, but a brief mention of its current procedural posture would be useful here.  This case is a complex case that has been pending for approximately five years.  The parties have completed extensive discovery and motion practice.  All twenty of the parties' motions for summary judgment and motions challenging expert qualifications have been ruled on, and the case is finally ready to be set for a bench trial.

If Ameren's motion for interlocutory appeal is granted, and my order denying full summary judgment is reversed, the case would reach termination at appeal.  However, if my decision is affirmed, granting the interlocutory appeal will only have delayed the ultimate resolution of this case.  Additionally, where, as here, a case is ready to be set for trial, courts tend to find that granting interlocutory appeal will not materially advance the ultimate termination of the litigation.  *See, e.g., Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, No. 09-CV-3037 SRN/LIB, 2013 WL 4028144, at *6 (D. Minn. Aug. 7, 2013).  Moreover, granting interlocutory appeal now will only increase the likelihood of multiple appeals, which would decrease judicial efficiency as well as ultimately delay the final resolution of this case.  As a result, I find that granting interlocutory appeal here would not materially advance the ultimate termination of this litigation.

**<u>Conclusion</u>**

For the reasons stated above, I find that Ameren has failed to satisfy all three of the requirements for certification for interlocutory appeal under 28 U.S.C. § 1292(b).  Ameren's proposed question for certification does not fall within the exceptional and limited circumstances warranting certification.  As a result, Ameren's motion for interlocutory appeal is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Ameren's motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) #[714] is **DENIED**.


                                                        RODNEY W. SIPPEL
                                                        UNITED STATES DISTRICT JUDGE

Dated this 29th day of February, 2016.