**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> SIERRA CLUB, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> AMEREN MISSOURI, <br><br> Defendant. | Civil Action No. 4:11-cv-00077-RWS |

**PLAINTIFF UNITED STATES' NOTICE REGARDING AMEREN'S NON-COMPLIANCE WITH THIS COURT'S REMEDY ORDER, AND REQUEST FOR STATUS CONFERENCE**

Plaintiff United States of America, acting on behalf of the United States Environmental Protection Agency, hereby gives notice that Defendant Ameren Missouri has failed to submit a complete application for a Prevention of Significant Deterioration (PSD) permit to the Missouri Department of Natural Resources (MDNR), as required by this Court's September 30, 2019 Remedy Order. Although PSD permits require detailed BACT, modeling, and other information along with a $5000 application fee, Ameren filed its application without the required information and with a lesser $250 filing fee applicable to non-PSD *minor* permits. For these and other reasons described below, Ameren's application was facially deficient as a PSD application and substantively incomplete. In addition, statements made in its deficient permit application

1

indicate that Ameren also has paused engineering and other pre-construction activities that it previously represented would be necessary to comply with the Court's Remedy Order.

1. On September 30, 2019, this Court issued a final judgment ordering Ameren to undertake the following injunctive relief:

> a. Apply for a PSD permit for the Rush Island plant within ninety days, and propose wet flue-gas desulfurization as the technology basis for the "best available control technology" (BACT) proposal required as part of that permit application;
>
> b. Operate Rush Island Units 1 and 2 in compliance with an emission limit that is no less stringent than 0.05 lb $SO_2$/mmBTU on a thirty-day rolling average basis, within four and one half years;
>
> c. Install pollution controls at least as effective as dry sorbent injection at the Labadie plant within three years, and thereafter operate such controls until Ameren has achieved emission reductions totaling the amount of Rush Island's excess pollution.

September 30, 2019 Judgment [ECF 1123]. The court retained jurisdiction over this case until Ameren fully implements these remedies. *Id*.

2. On October 22, 2019, Ameren asked this Court to stay these remedies pending appeal to the Eighth Circuit. Ameren argued that the cost of the "engineering, procurement, and construction" of FGDs at Rush Island justified a complete stay. Ameren Memo [ECF No. 1125], at 13 (emphasis added). Ameren also explained that required engineering activities would need to be started *before* Ameren submitted its PSD application:

> In order to prepare and submit a PSD permit application to the Missouri Department of Natural Resources, Ameren would first have to complete the engineering analysis. Certain of the design criteria developed as part of the engineering would need to be made part of the permit application.

*Id*.

3. This Court denied Ameren's request for a complete stay, including its request to stay permitting and associated engineering activities. In so holding, the Court noted that "the initial costs of compliance that result from permit applications and bid solicitations are relatively

2

small" and that the "phased nature of the costs of complying with the injunction provides an opportunity for a partial stay" of "the phases of the injunctive relief that will require the most cost to Ameren." Oct. 22, 2019 Order [ECF 1137], at 3. The Court thus granted a stay *only* "insofar as the injunction would require Ameren to commence any actual testing or construction at Rush Island and Labadie." *Id.* at 3-4. The Court again ordered Ameren to submit its PSD application, and to "continue to prepare to quickly comply with the full injunction after the Eighth Circuit issues its ruling." *Id*. at 4.

4.  Ameren did not seek reconsideration of this Court's partial stay, nor did it seek a stay from the Eighth Circuit Court of Appeals.

5.  From October 22, 2019 to the present date, Ameren has not submitted a complete PSD permit application. Instead, on December 23, 2019, Ameren submitted an incomplete construction permit application to MDNR, along with a $250 dollar filing fee applicable to non-PSD minor permits. Dec. 23, 2019 Cover Letter from Steven Whitworth (attached as Ex. 1).

6.  In addition, in its accompanying application Ameren inaccurately asserted that this Court had stayed not only the *construction* of the required FGDs, but *also* the engineering design and other preparatory work for the FGDs. Dec. 23, 2019 Application for Authority to Construct (attached as Ex. 2), at 2 (asserting that "engineering design, procurement and construction has been stayed until resolution of this matter by the Court of Appeals."). Based on that representation, Ameren claimed that it "is unable to provide the detailed design information of the FGD system including FGD process data, system layouts [and other] design information necessary for MDNR to complete the application review." *Id.* Ameren therefore has not submitted a complete PSD permit application, based on its inaccurate representation to MDNR that this Court had stayed FGD engineering and other preparatory work. *Id.*; *see also id*. at 5-6

3

(leaving certain engineering portions of its application incomplete because such information was "To Be Determined" following the appeal).

7. Ameren's assertion that this Court stayed engineering and other preparatory work is incorrect. Although Ameren *sought* a stay of engineering and other preparatory activities, the Court limited its stay to only those activities that "would require Ameren to commence any actual testing or construction at Rush Island and Labadie." Oct. 22, 2019 Order [ECF 1137], at 3-4; *see also id.* at 3 ("A complete freeze on all ordered relief during the entire pendency of the appeal would cause injury to the public that significantly outweighs the potential harm to Ameren that would result from the relatively minimal unrecoverable costs of taking initial steps to comply."). Indeed, in requiring Ameren to submit a PSD application, the Court specifically credited Ameren's assertion that MDNR's evaluation of a complete PSD permit application can take a significant amount of time, and determined that "Ameren can greatly reduce the post-Eighth Circuit ruling compliance deadline by beginning that process now." *Id*. at 4. The Court thus clearly required Ameren to continue work on the engineering efforts that Ameren itself told the Court was necessary for a complete PSD permit application.

8. Yet two months after this Court specifically rejected Ameren's request to stay such pre-construction activities, Ameren wrongly told MDNR that the Court in fact had stayed all engineering efforts. It thus appears that Ameren has made no effort to restart any required engineering analysis during the 90-day period provided by this Court to prepare a PSD permit application, and that Ameren intends to continue deferring all such engineering until after the conclusion of its appeal, notwithstanding this Court's orders.

9. Ameren's efforts were deficient in other aspects as well. In fact, MDNR determined that Ameren had not even submitted a proper PSD permit application. In Missouri,

4

PSD applicability and permit requirements are governed by Section (8) of the Missouri Construction Permit rule, 10 CSR 10-6.060(8). As noted in the application form that Ameren filled out, the filing fee for a PSD permit application under Section (8) ($5,000) is significantly higher than the $250 application fee for minor permits issued pursuant to other SIP provisions. *See* Ex. 2, at 1. Yet Ameren filed its application with a $250 non-PSD permit fee rather than the fee applicable to PSD permits under Section (8). Dec. 23, 2019 Cover Letter from Steven Whitworth (attached as Ex. 1). MDNR returned Ameren's $250 check because "the filing fee associated with a PSD permit application is $5,000." *See* Jan. 24, 2020 Letter from Kendall Hale (attached as Ex. 3).

10. Ameren's application also lacked other critical aspects of a PSD permit application, including a BACT analysis and required air quality modeling. Ameren also failed to schedule and attend a pre-application meeting with MDNR, which is required 30 days prior to submittal of any application for a PSD permit. For these and other reasons, MDNR recently informed Ameren that its application is deficient under 10 CSR 10-6.060(8). *See* Jan. 24, 2020 Letter from Kendall Hale (attached as Ex. 3).

11. Based on the foregoing, it is clear that Ameren has not complied with this Court's order requiring it to submit a PSD permit application, and has inexplicably paused FGD engineering and other preparatory efforts notwithstanding this Court's orders. The Court has jurisdiction to address these issues during the pendency of the appeal. Granted, the filing of a notice of appeal confers jurisdiction in the court of appeals while divesting the district court of its control over those aspects of the case involved in the appeal. *See Chambers v. Pennycook*, 641 F.3d 898, 903-04 (8th Cir. 2011). However, a district court retains jurisdiction—even after a

5

notice of appeal is filed that challenges the merits of the district court's rulings—to enforce its prior rulings. *See Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006).

Plaintiffs respectfully request that the Court hold a status conference to discuss Ameren's apparent non-compliance with the Court's Remedy Order.

Dated: February 5, 2020

Respectfully Submitted,

BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/ *Jason A. Dunn*
James W. Beers, Jr.
Thomas A. Benson
Anna E. Cross
Jason A. Dunn
Elias L. Quinn
Environmental Enforcement Section
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 305-0455
Facsimile: (202) 616-6584
E-mail: james.beers@usdoj.gov

ANDREW J. LAY #39937MO
Assistant United States Attorney
United States Attorney's Office
Eastern District of Missouri
Thomas Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
Telephone: (314) 539-2200
Facsimile: (314) 539-2309
E-mail: Andrew.Lay@usdoj.gov

*Attorneys for Plaintiff United States*

OF COUNSEL:

Alex Chen
Sara Hertz Wu
Senior Counsel
Office of Regional Counsel
U.S. EPA, Region 7
11201 Renner Boulevard
Lenexa Kansas  66219

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2020, I served the foregoing with the Clerk of Court using the CM/ECF system.

                                        /s/ Jason A. Dunn

                                        JASON A. DUNN