# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> SIERRA CLUB, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> AMEREN MISSOURI, <br><br> Defendant. | Civil Action No. 4:11-cv-00077-RWS |

**PLAINTIFF UNITED STATES' RESPONSE TO AMEREN'S OCTOBER 22, 2021 STATUS REPORT**

Ameren Missouri's most recent status report (ECF 1173) continues to lack information required by the parties' April 3, 2020 Joint Submission (ECF 1156), and the Court's November 16, 2020 Order, which reiterated Ameren's obligation to report on its efforts to remedy the deficiencies identified in its PSD application. The United States respectfully requests that the Court order Ameren to supplement its status reports as further described below, and grant such other and further relief as the Court deems just and proper.

Pursuant to the Court's September 30, 2019 Opinion and Order (ECF 1122), Ameren was required to, *inter alia*, (i) apply for a PSD permit proposing wet FGD as BACT for Rush Island, and (ii) operate Rush Island Units 1 and 2 in compliance with a specified emission limit within four-and-one-half years. On October 22, 2019, the Court partially stayed its order, but only

1

"insofar as the injunction would require Ameren to commence any actual *testing or construction*." Oct. 22, 2019 Order (ECF 1137), at 3-4 (emphasis added). The Court otherwise instructed Ameren to "prepare to quickly comply with the full injunction after the Eighth Circuit issues its ruling." *Id* at 4; *see also id*. at 3 ("Ameren must begin the process of complying with the ordered injunctive relief so that it can be in the position to immediately begin the more substantial phases of compliance upon the ruling of the Eighth Circuit."). Ameren apparently has not done so.

After Ameren submitted a deficient permit application, the Missouri Department of Natural Resources (MDNR) informed Ameren that its application could not be considered "due to a lack of information provided in the submittal", and specified certain additional items "needed for a complete Prevention of Significant Deterioration (PSD) permit application." Jan. 24, 2020 Letter from K. Hale to M. Hutcheson (ECF 1149-3). After the United States notified the Court of MDNR's deficiency determination (ECF 1149), the parties filed a joint agreement under which Ameren committed to work cooperatively with MDNR to provide the information necessary to complete its permit application, and to file joint status reports detailing its progress. Apr. 3, 2020 Joint Submission (ECF 1156). The Court subsequently rejected Ameren's request to curtail those periodic reports, and reiterated Ameren's obligation to "remedy the deficiencies identified by the Missouri Department of Natural Resources in its PSD application" and to keep the parties and the Court informed of its progress in doing so, including by providing "information about upcoming meetings, submittals, deadlines, and other relevant information related to the PSD application process." Nov. 16, 2020 Order (ECF 1164).

As Ameren has previously asserted, certain preliminary engineering work was necessary in order to address MDNR's concerns, and Ameren planned to use the results of that work for

"further specific emission analysis and stack modeling discussions with MDNR" to advance its PSD application. June 30, 2020 Status Report (ECF No. 1159), at 2; *see also* Aug. 31, 2020 status Report (ECF No. 1160), at 2 (representing that "[m]ore detailed technical discussions with MDNR regarding parameters for modeling analysis can occur" upon completion of the preliminary engineering work). Black and Veatch completed this engineering review for Ameren almost one year ago.[1] Yet Ameren's subsequent reports lack details concerning any discussions with MDNR about the modeling or any other aspect of Ameren's application, or even whether Ameren actually submitted the results of that engineering review to MDNR or otherwise used the results to address the deficiencies MDNR identified in its application, despite Ameren's representations that such engineering work was a prerequisite to "additional discussions with MDNR." Feb 26, 2021 Status Report (ECF 1167), at 2 (repeating prior update and asserting "there are no outstanding requests from MDNR"); Apr. 27, 2021 Status Report (ECF 1168), at 2 (same); June 28, 2021 Status Report (ECF 1169), at 2 (same).

Nor has Ameren explained whether it has done anything else to correct any of the other substantive deficiencies identified by MDNR. Indeed, Ameren's latest status reports provide no information at all, other than recounting Ameren's efforts to seek rehearing of the Eighth Circuit's recent decision affirming the Court's order as to Rush Island. Aug. 27, 2021 Status Report (ECF 1172); Oct. 22, 2021 Status Report (ECF 1173).

---

[1] Nov. 23, 2020 Status Report (ECF 1165), at 4 ("With respect to the Rush Island FGD permit, additional substantive discussions with MDNR will occur once modelling analysis is completed, which in turn is dependent on the advancement of preliminary engineering design that is *scheduled to be finalized this month*.") (emphasis added); Dec. 29, 2020 Status Report (ECF 1166), at 2 ("Black and Veatch has completed the review of the technical requirements and engineering design data … and has submitted a draft assessment summary document to Ameren. Completion of the aforementioned items is a necessary precursor to conducting modeling analysis needed for additional discussions with MDNR.").

3

Accordingly, to ensure the Court has sufficient information to assess the status of Ameren's efforts to complete its PSD permit application and otherwise prepare to timely meet its pollution control obligations at Rush Island, the United States respectfully requests that the Court order Ameren to file a revised status report that complies with the parties' April 3, 2020 Joint Submission (ECF 1156), and the Court's prior orders. The United States reached out to Ameren prior to making this filing, but Ameren declined to file a revised report. *See* Ex. 1 (email exchange). To the extent Ameren believes it has now submitted information necessary to complete its application and is simply awaiting some further MDNR action, it should so state. To the extent Ameren believes it is awaiting additional feedback from MDNR before making further efforts to complete its application, or has any other "relevant information related to the PSD application process," Ameren should identify those specific issues and identify what specific efforts Ameren has undertaken to remedy the deficiencies in its PSD application and move forward with MDNR so that it can be "in the position to immediately begin the more substantial phases of compliance upon the ruling of the Eighth Circuit," as required by the April 3, 2020 Joint Submission and the Court's October 22, 2019 and November 16, 2020 orders.

<div style="display:flex">
<div>
Dated: October 27 , 2021
</div>
<div>
Respectfully Submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Jason A. Dunn*
Thomas A. Benson
Anna E. Cross
Jason A. Dunn
Elias L. Quinn
Environmental Enforcement Section
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-1111
E-mail:  Jason.Dunn@usdoj.gov

SUZANNE MOORE
Assistant United States Attorney
United States Attorney's Office
Eastern District of Missouri
Thomas Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
Telephone:  (314) 539-2200
Facsimile:  (314) 539-2309
E-mail: Suzanne.Moore@usdoj.gov

*Attorneys for Plaintiff United States*
</div>
</div>

OF COUNSEL:

Alex Chen
Sara Hertz Wu
Senior Counsel
Office of Regional Counsel
U.S. EPA, Region 7
11201 Renner Boulevard
Lenexa Kansas  66219

## CERTIFICATE OF SERVICE

      I hereby certify that on October 27, 2021, I served the foregoing with the Clerk of Court using the CM/ECF system.

      */s/ Jason A. Dunn*
      Jason A. Dunn