# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>SIERRA CLUB,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>AMEREN MISSOURI,<br><br>Defendant. | Civil Action No. 4:11-cv-00077-RWS |

### AMEREN MISSOURI'S BRIEF RESPONDING TO NOVEMBER 9, 2021 ORDER

The Court ordered Ameren Missouri ("Ameren") to file a brief explaining how a November 4, 2021 St. Louis Post-Dispatch article impacts Ameren's pending motion to seal. (Nov. 9, 2021 Order, ECF No. 1180 (attaching article).) Ameren submits this supplemental brief in response to the Court's Order. The portion of Ameren's supplemental status report that Ameren has requested be temporarily sealed presents information that does not appear in the Post-Dispatch article and that was not discussed during the call referenced in the article. The information that Ameren seeks to temporarily seal relates to internal business planning and ███████████████████████ ████████████████████████████████ This information warrants sealing under both the Protective Order entered in this case (ECF No. 90) and Local Rule 13.05(A).

The November 4 Post-Dispatch article describes a quarterly earnings call with investors and a discussion related to Rush Island Energy Center and this litigation. The article describes

Contains Highly Confidential
Information subject to Protective Order

Ameren as having explained during that call "that it is evaluating a range of options for the coal plant, if the [Eighth Circuit's] decision stands—from installing expensive 'scrubber' technology to limit its pollution to potentially retiring the facility ahead of schedule."[1] (Post-Dispatch Article, ECF No. 1180 at PageID #63801.) The article continues: "In the latter scenario, company leaders said they were open to possibly using a complex financing technique called securitization, recently approved by Missouri lawmakers, which could help accelerate closures of financially imperiled coal plants while directing fresh investment toward renewable alternatives." (*Id.*)[2] That is the extent of the information contained in the article related to Rush Island and this litigation, which could possibly bear on Ameren's supplemental status report.

The portion of its supplemental status report that Ameren seeks to temporarily seal presents confidential information not appearing in the November 4 Post-Dispatch article that warrants temporary sealing for multiple independent reasons:

First, Ameren seeks to temporarily seal information related to confidential internal business planning that does not appear in the November 4 Post-Dispatch article. The supplemental status

---

[1] This is consistent with various disclosures contained in Ameren Corporation's 10Q and 10K disclosures.

[2] The November 4 Post-Dispatch article links to an earlier article published by the Post-Dispatch on April 26, 2021, titled "Bill looks to enable Missouri power utilities—and their customers—to shift away from coal costs." (Available at: https://www.stltoday.com/business/local/bill-looks-to-enable-missouri-power-utilities-and-their-customers-to-shift-away-from-coal/article_1dd4c3aa-90b6-5e8c-90bd-0989afeb8db8.html.) That April 26 article described securitization legislation—which Missouri's Governor subsequently signed into law in July—which would facilitate accelerated retirement of coal-fired power plants and "allow[] utilities to build renewable energy projects more quickly, generate cheaper electricity, and reduce rates charged to consumers." (*Id.*; *see also* St. Louis Post-Dispatch, "Experts tell Ameren to dump the scrubbers, close the coal plant," published August 29, 2021 (describing environmentalists' and investment analysts' perspectives on Rush Island and securitization legislation) (available at: https://www.stltoday.com/business/local/experts-tell-ameren-to-dump-the-scrubbers-close-the-coal-plant/article_5b7ec5b7-b70c-5973-8cd2-dcded9d1867b.html).)

report describes ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████ (Sealed Unredacted

Supplemental Status Report at 2-3.) ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████ (*Id.*) The supplemental status report further elaborates that ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████ (*Id.*)

   None of this confidential information appears in the Post-Dispatch article, nor was it discussed during the earnings call. Moreover, this information reflects Ameren's internal business planning involving a sensitive business decision—the potential retirement of a generating asset—which is precisely the type of information for which courts provide confidentiality protection through redaction and sealing. *See, e.g.*, *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (affirming MDL court's order keeping files under seal where "documents contain[ed] sensitive business and strategic planning information"). One reason that such information is confidential and sensitive is that ████████████████████

████████████████████████████████████████████████████

Contains Highly Confidential
Information subject to Protective Order             3

█████████████ The confidentiality of Ameren's internal business planning specifically set forth in the supplemental status report is not compromised in any way by the Post-Dispatch article because the article does not address that information. The article simply reports that Ameren "is evaluating a range of options" including "potentially retiring [Rush Island] ahead of schedule"; it does not report specific details such as appear in the supplemental status report. The general possibility of retiring Rush Island "ahead of schedule" described in the article—*i.e.*, sometime before 2039, when Rush Island is scheduled to retire under Ameren's current IRP—is fundamentally different than ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

Second, Ameren seeks to temporarily seal information related to ██████████████

███████████████ that also does not appear in the November 4 Post-Dispatch article. The supplemental status report describes ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ (Sealed Unredacted Supplemental Status Report at 2-3.) In addition, Ameren disclosed in the supplemental status report that ████████████████████████████████████████████████████

████████████████████████████████████████████████ (*Id.*) This information does not appear in the Post-Dispatch article, nor was it discussed during the call referenced in the article. This confidential information related to ████████████████

████████████████████████████████████████████

███████████████     The Post-Dispatch article has no bearing on this information and Ameren's request to seal it.

## Conclusion

For the reasons discussed above, and in Ameren's motion to seal and memorandum in support, Ameren requests that the Court grant its motion.

Contains Highly Confidential
Information subject to Protective Order           5

Dated:  November 12, 2021

Respectfully submitted,

/s/  *Matthew B. Mock*
Matthew B. Mock (admitted *pro hac vice*)
SCHIFF HARDIN LLP
4 Embarcadero Center, Suite 1350
San Francisco, California 94111
Tel:  (415) 901-8700
Fax:  (415) 901-8701
mmock@schiffhardin.com
David C. Scott
Mir Y. Ali
Molly L. Wiltshire
(All admitted *pro hac vice*)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel:  (312) 258-5500
Fax:  (312) 258-5600
Ronald S. Safer (admitted *pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison, Suite 2900
Chicago, Illinois 60602
Tel:  (312) 471-8700
Fax:  (312) 471-8701

John F. Cowling
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri  63105
Tel:  (314) 621-5070
Fax:  (314) 621-5065

*Counsel for Defendant Ameren Missouri*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021 I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, effectuating service on all counsel of record.

/s/  *Matthew B. Mock*
Matthew B. Mock

Contains Highly Confidential
Information subject to Protective Order