UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>SIERRA CLUB,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>AMEREN MISSOURI,<br><br>Defendant. | Civil Action No. 4:11-cv-00077-RWS<br><br>FILED UNDER SEAL[1] |

**PLAINTIFF UNITED STATES' RESPONSE TO AMEREN'S NOVEMBER 5, 2021 STATUS REPORT**

Ameren's recent filings suggest two things: (1) it has sought to file under seal material it has already announced to the public; and (2) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. These two issues are explained further below, followed by the United States' suggestions for additional information on these topics.

---

[1]   Paragraph 19 of the Stipulated Protective Order (ECF 90, as amended by ECF 903), requires the United States to file this response under seal because it contains or refers to information designated by Ameren as Confidential. Paragraph 19 further requires Ameren to provide any redactions it wishes to make within 10 business days.

1

**Ameren's Sealed Filing**

Ameren has sought leave to file portions of its November 5, 2021 status report under seal, on the grounds that it "contains highly confidential, non-public, sensitive information designated by Ameren as Highly Confidential Information subject to the Stipulated Protective Order and its Amendment in this case." *See* Ameren Memo in Support of Motion for Leave (filed under seal at ECF 1178).[2] The purportedly confidential information is that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 3.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 3-4.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As this Court noted *sua sponte* in its November 9, 2021 Order (ECF 1180), the St. Louis Post-Dispatch recently reported that Ameren itself told investors that it is evaluating a range of options at Rush Island if its current appeal is unsuccessful, including "potentially retiring the facility ahead of schedule" and taking advantage of financial incentives to facilitate such closure. To be sure, Ameren is belatedly considering ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ when it illegally modified the plant at the end of its originally-

---

[2] Ameren did not provide Plaintiffs with the status report itself before filing. Plaintiffs stated that they took no position on Ameren's motion to seal, but reserved the right to challenge the confidentiality claim after reviewing the status report, as provided in the Stipulated Protective Order. *See* Nov. 4, 2021 Email from E. Quinn (Ex. 1).

2

intended useful life. But, as the recent Post-Dispatch article demonstrates, there is nothing secret about that fact.[3]

Indeed, Ameren publicly disclosed at least a year ago that it was evaluating retiring Rush Island rather than installing the controls required by this litigation. Although not mentioned in prior status reports, Ameren's November 5 update briefly references its "Integrated Resource Plan," which Ameren filed with the Missouri Public Service Commission in September of 2020. *See* Nov. 5, 2021 Status Report, at 8. While Ameren submitted a complete, confidential version of the Integrated Resource Plan to the Missouri Public Service Commission, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ For instance, the public version of Ameren's Integrated Resource Plan states:

> Four retirement dates were evaluated for Rush Island: 1) retired by December 31, 2045, which is the current retirement date as determined by the Black and Veatch life expectancy study, 2) retired by December 31, 2039, 3) retired by December 31, 2028, and 4) retired by *** _____ *** . … *** _____
> _____
> _____*** are included in order to evaluate specific potential outcomes pending a final judgment in the Rush Island New Source Review ("NSR") litigation which is under appeal and a decision by the federal court of appeals is not expected until 2021. Importantly, numerous potential outcomes are possible, including reversal of the trial court's rulings on both liability and remedy, and the actual outcome may be different than the limited outcomes modeled."

---

[3] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *E.g.*, Kate Winston, *Ameren Sees Benefits in Miso Grid Expansion, Illinois Climate Law*, S&P GLOBAL PLATTS, Nov. 4, 2021, at *4 (Ex. 2) ("If the appeal fails, Ameren will debate whether to install the pollution controls or retire the plant before its planned closure in 2039, said Marty Lyons, president of Ameren Missouri."). According to the transcript for Ameren's November 4, 2021 earnings call, Ameren Missouri's President and CEO stated that if rehearing is denied, "ultimately, we're faced with that decision. Obviously, it may entail scrubbers in Rush Island or the accelerated retirement of that plant, which might also include the utilization of the securitization legislation was passed earlier this year." *Ameren's (AEE) CEO Warner Baxter on Q3 2021 Results – Earnings Call Transcript*, SEEKING ALPHA, Nov. 4, 2021, at *18 (Ex. 3).

Ameren Missouri, *Integrated Resource Plan*, *Chapter 9, Integrated Resource Plan and Risk Analysis*, pp 4-5; *see also id.* p. 14 ("Four plans are constructed in order to evaluate different potential outcomes for the active NSR litigation.").[4] The logical reading of the text is that Ameren studied a scenario where Rush Island retired earlier as a potential response to the Court's order. Ameren's November 5 status report reveals ███████████████████████████ ███████████████████████████████████████████ ███████.

### Timing of Ameren's Outreach to MISO

Ameren's belated decision to inform this Court of ███████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ █████████████████████████. Nov. 5, 2021 Status Report, at 2 (filed under seal at ECF 1177). Plaintiffs will respond to any such motion if and when it is presented.

But as relevant to Ameren's status reports, it bears noting that Ameren concedes that it waited until *after* the Eighth Circuit's decision in this case ███████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████

---

[4] The public version of Chapter 9 of the Integrated Resource Plan is attached hereto as Ex. 4. It can also be found at https://www.ameren.com/-/media/missouri-site/files/environment/irp/2020/ch9-integrated-resource-plan-risk-analysis.pdf?la=en-us-mo&hash=10C4C2E942334CC6BD1EED98BBA4A9E8FA5AA8A6

4

██████████████████████████████████████████████████ Nov 5, 2021 Status Report, at 3 n.2 (filed under seal at ECF 1177).[5]

**Proposed Next Steps**

The information Ameren sought to protect as "highly confidential" is already public, and its status update suggests that the Company has been waiting on a final word from the Eighth Circuit rather than working toward compliance as this Court ordered. In light of these facts, and to ensure the Court and the Parties have complete information concerning Ameren' ████████ ████████████████████████████ to meet its compliance obligations, Plaintiffs respectfully request that this Court:

(1) Deny Ameren's motion seeking confidential treatment of its November 5, 2021 status report;

(2) Direct Ameren to submit an un-redacted copy of all portions of its September 2020 Integrated Resource Plan, as well as any subsequent updates to the Integrated Resource Plan, that are relevant to ████████████████████████

---

[5] 

otherwise relate to Ameren's efforts to comply with this Court's orders at Rush Island; and

(3) Direct Ameren to submit a complete, un-redacted copy of its recent correspondence ███████████████████████████████████████████████████████████████  ██████████████████████ .

To the extent Ameren believes that specific portions of its Integrated Resource Plan or ██████████████████████ should be filed with the Court under seal, nothing prevents it from filing a motion requesting such treatment.

Dated: November 12, 2021

Respectfully Submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Jason A. Dunn*
Thomas A. Benson
Anna E. Cross
Jason A. Dunn
Elias L. Quinn
Environmental Enforcement Section
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 514-1111
E-mail:  Jason.Dunn@usdoj.gov

SUZANNE MOORE
Assistant United States Attorney
United States Attorney's Office
Eastern District of Missouri
Thomas Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
Telephone:  (314) 539-2200
Facsimile:  (314) 539-2309
E-mail: Suzanne.Moore@usdoj.gov

*Attorneys for Plaintiff United States*

OF COUNSEL:

Alex Chen
Sara Hertz Wu
Senior Counsel
Office of Regional Counsel
U.S. EPA, Region 7
11201 Renner Boulevard
Lenexa, Kansas  66219

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2021, I filed the foregoing under seal with the Clerk of Court using the CM/ECF system, and served an electronic copy on counsel for Ameren and Sierra Club via e-mail.

                                        */s/ Jason A. Dunn*

                                        Jason A. Dunn