UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| SIERRA CLUB, | ) ) | |
| Plaintiff-Intervenor, | ) ) ) | |
| v. | ) ) | Case No. 4:11 CV 77 RWS |
| AMEREN MISSOURI, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

On December 14, 2021, Ameren filed a motion to alter the judgment entered in this case on September 30, 2019. In its motion, Ameren explains that it has decided to retire the Rush Island plant early rather than install the pollution controls that I ordered. However, Ameren cannot unilaterally set the plant's retirement date and instead must work with the Midcontinent Independent System Operator, Inc. ("MISO") to determine when the plant may close without negatively impacting the stability and reliability of the electric grid and transmission network. Because that process has only recently begun, Ameren represents that it is currently impossible to estimate when retirement would likely occur. Ameren therefore asks that the remedy ruling be modified to account for the plant's closure at an unspecified date,

depending on whether MISO finds that Rush Island cannot be immediately retired and must be maintained as a System Support Resource ("SSR") for an undetermined period of time.[1]

In response, the United States argues that the "motion should be denied because it usurps the Court's authority to set the compliance date in favor of a drawn out process engineered by Ameren." The United States also raises numerous questions about the proposed process, including if and how Ameren can minimize the plant's emissions if MISO determines that Rush Island cannot immediately shut down.

I believe it would be beneficial to hold a hearing on this motion. According to Ameren, MISO is expected to complete its Attachment Y-2 study, which will provide "a preliminary indication of MISO's reliability assessment," no later than January 28, 2022. As a result, Ameren should be in a better position to provide updates and respond to questions about Rush Island's retirement after that date.

In addition, because the United States has raised concerns about the timing of Ameren's motion, Ameren should prepare a timeline specifically identifying the last steps it took in the PSD permit application process and the dates that those actions

---

[1] Ameren states that the retirement date would occur "no later than the compliance deadline established by this Court" for the installation of pollution controls. However, the motion also suggests that the date could be determined entirely by MISO: "If MISO confirms in the Attachment Y process that Rush Island is an SSR, its retirement date shall not be prior to the date that all transmission upgrade projects (or other measures) needed to remedy the reliability issues that arise from the retirement of Rush Island are constructed and placed in service."

occurred. Ameren should also be prepared to further discuss the exact timing of its decision to retire Rush Island instead of continuing with the permit application process.

Finally, Ameren should be prepared to *immediately* produce the documents and information requested by the United States in its opposition brief, ECF No. [1197 at 7-8], if, after hearing arguments on this issue, I determine that they must be produced.

Accordingly,

**IT IS HEREBY ORDERED that** a hearing is set for **Friday, February 4, 2022 at 2:00 p.m.** **IN PERSON** in Courtroom 16 South.

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2022.