UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>SIERRA CLUB,<br><br>　　Plaintiff-Intervenor,<br><br>　　　　v.<br><br>AMEREN MISSOURI,<br><br>　　Defendant. | Civil Action No. 4:11-cv-00077-RWS |

**AMEREN'S REQUEST FOR A HEARING ON ITS
REQUEST FOR DISCOVERY**

Ameren Missouri ("Ameren") respectfully requests that the Court schedule a hearing on Ameren's pending request, pursuant to Federal Rule of Civil Procedure 56(d), for targeted discovery in response to Plaintiffs' Motion for Mitigation Relief Pursuant to The Eighth Circuit's Remand For Further Proceedings (ECF #1267) (the "Motion").

In their Motion, Plaintiffs have asked the Court to enter a mandatory injunction requiring Ameren to distribute one million stand-alone indoor air cleaners over the next five years. As Ameren demonstrated in its Opposition (ECF # 1269), Plaintiffs' new indoor air cleaner proposal has never been the subject of discovery in this case, and so there is presently an insufficient evidentiary record for the Court to assess Plaintiffs' request, including its obligation to balance the public harms and benefits under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Ameren needs discovery to be able to respond to Plaintiffs' extraordinary request.

I.      ARGUMENT

Ameren's Opposition described in detail the areas and topics on which it seeks discovery, and—even though Plaintiffs did not style their motion as one seeking entry of judgment under Rule 56 or otherwise attempt to comply with that Rule—Ameren also submitted a detailed declaration pursuant to Fed. R. Civ. 56(d) detailing the discovery it needs.

Plaintiffs have never previously sought the indoor air cleaner relief that they now propose. During the remedy phase of this case, all parties sought and obtained discovery on every topic related to the mitigation remedies that Plaintiffs proposed at that time: flue gas desulfurization or dry sorbent injection at Ameren's Labadie power plant, including EPA's experience with those proposed remedies, their efficacy and cost, and their nexus to previous Rush Island emissions. But as Plaintiffs concede in their recently-filed reply, air cleaners were never addressed or put at issue during the remedy phase, and so Ameren has had no opportunity to obtain discovery regarding them.

At this point, Plaintiffs' request for indoor air cleaner relief is more of a concept than a concrete proposal; it lacks the details or evidentiary foundation necessary for Ameren to prepare a response to Plaintiffs' request, as Ameren demonstrated in its opposition. Plaintiffs' Reply assumes a nexus to prior Rush Island emissions and argues—contrary to black-letter law—that Ameren somehow bears the burden to take Plaintiffs' general concept for mitigation relief and flesh out all the details of implementation, leaving to Plaintiffs the right to review, approve or reject the various elements of Ameren's proposal. (ECF # 1270 at 12-14.) But it is <u>Plaintiffs'</u> burden to identify the specific injunctive relief they seek and then make the required showing to support that request, and their Reply argument amounts to impermissible burden-shifting. It is incumbent on Plaintiffs to propose the specific relief they seek and to justify that specific relief

2

under the relevant legal standards, including establishing a nexus to past Rush Island emissions and then balancing the public harms and benefits required under the *eBay* injunctive relief test. Without a specific proposal from Plaintiffs, the Court is unable to evaluate the proposal under the legal standards that distinguish mitigation from penalty relief, to apply *eBay,* or to perform the required balancing.

For example, Plaintiffs have produced no evidence regarding the public benefits of their indoor air cleaner proposal; they have not attempted to show the causal nexus between the air cleaner proposal and past emissions from Rush Island; and they have failed to provide any evidence of the public harms of the proposal, including the economic cost of its implementation and the increased air pollution that will result from operating one million new devices that run on electricity. Ameren needs a reasonable opportunity to develop, through discovery, the evidence necessary to respond to Plaintiffs' request, and has proposed a brief schedule in which to do so.

Nor has any discovery been had on the question of the public benefits that will be afforded by Rush Island's early retirement, benefits which will be considerable. Rush Island's retirement was never a subject of discovery during the remedy phase of this case, and so there is no evidence of record for the Court to consider under *eBay*. Although in this litigation, Plaintiffs ignore the public benefits of such avoided emissions, outside of this case, EPA places great value on them and has formally published its accounting of the public benefits that accrue from the retirement of fossil fuel plants like Rush Island. Ameren expects the social value of early retirement—under EPA's approach for valuing such avoided emissions—to be in the multiple billions of dollars. None of this has been part of discovery to date.

Remedy-phase discovery covered some aspects of mitigation, but Ameren is not asking to revisit that prior discovery. Previous mitigation discovery focused on: 1) the specific mitigation

3

remedies proposed by Plaintiffs (FGD or DSI at Labadie); and 2) the impacts of Rush Island's prior excess emissions on air quality. The first topic is no longer at issue; and Ameren does not seek discovery on the second topic. There is no need, because Plaintiffs' new proposal is not tied to the air quality impacts of Rush Island's excess emissions. Plaintiffs make no attempt to tie their new proposal to mitigation of those emissions: they provide no calculation or quantification of the amount of Rush Island's excess emissions that will be assertedly mitigated by the indoor air cleaners, and do not quantify any associated health benefits. So while Ameren does not need to revisit the prior discovery on the subject of air quality impacts, Ameren does need discovery on the issue of the nexus between the violation and the proposed mitigation relief. Plaintiffs' proposal appears to lack any meaningful nexus. Mitigation that lacks a nexus to the violation is a penalty. *See United States v. Cinergy Corp.*, 618 F. Supp. 2d 942, 967 (S.D. Ind. 2009).

Plaintiffs' Reply also simply fails to join issue with many of the arguments made by Ameren regarding other specific topics on which discovery is necessary. For example, outside of this litigation, EPA "has not taken a position either for or against the use of these devices in the home." Yet here, Plaintiffs now ask the Court to order Ameren to distribute one million of them for in-home use. Discovery is necessary on the factual bases for EPA's refusal to endorse the use of such indoor air cleaners. Likewise, even though Plaintiffs are (incongruously) advocating for the distribution and operation of one million new devices that run on electricity, they have entirely ignored the emissions and air quality impact of the necessary additional electricity generation. Discovery is needed to quantify these public costs, which are the inevitable result of Plaintiffs' proposal, so they can be compared to the public benefits of Rush Island's early retirement.

Plaintiffs also ignore the serious questions regarding the implementation of their proposal in terms of interference with the role of the Missouri Public Service Commission in setting non-

4

discriminatory electricity rates, and the statutory prohibitions on Ameren performing HVAC work or giving rebates to only a subset of customers. Discovery is necessary on the implementation of Plaintiffs' plan and these issues, which Plaintiffs apparently did not consider before proposing it. Plaintiffs cannot merely float a conceptual proposal and then fall silent when confronted with the real-world problems raised by that concept.

And because Plaintiffs have refused to provide details regarding implementation of their air cleaner plan, there is no basis on which the Court can assess the plan's feasibility and administrability. Procuring and distributing one million air cleaners is no simple task and will require enormous resources, but Plaintiffs have no plan for it. Nor do they provide any detail whatsoever (including in their Reply) regarding their unprecedented proposal that Ameren be ordered to make improvements to individual customers' home HVAC systems. Instead, Plaintiffs are asking Ameren to create a comprehensive plan out of EPA's whole cloth and the Court then to spend the next five years administering and monitoring this relief. Discovery is necessary to assess whether these nebulous plans are feasible.

Because the parties have, to this point, been attempting to resolve the mitigation issue outside of Court, and because Plaintiffs had not previously demanded the indoor air cleaner relief they now seek, none of the issues that are presented by the Motion, or Ameren's request for discovery, have previously been considered by the Court. The current record does not support Plaintiffs' proposed mitigation. Unless the Court concludes that summary denial of Plaintiffs' mitigation motion is warranted, then the issues discussed above require discovery. As has been the case with many issues in this litigation, and as would be the case with any request that is of such sweeping scope—hundreds of millions of dollars of affirmative relief implemented over five years—the issues are complex and some are technical in nature. Accordingly, Ameren respectfully

5

suggests that a hearing would assist the Court in assessing Ameren's request for discovery.

## II. CONCLUSION

Ameren respectfully requests that the Court grant this Motion and set a hearing. Ameren respectfully proposes the following dates for the hearing: any day during the week of December 18-22, or any day during the week of January 8-12.

Dated:  December 5, 2023                                  Respectfully submitted,


/s/ *Matthew B. Mock*

Matthew B. Mock (*pro hac vice*)
ARENTFOX SCHIFF LLP
555 W. Fifth St., 48th Floor
Los Angeles, California 90013
Tel:  (415) 901-8700
Fax:  (415) 901-8701

David C. Scott (*pro hac vice*)
Mir Y. Ali (*pro hac vice*)
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel:  (312) 258-5500
Fax:  (312) 258-5600

Ronald S. Safer (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison, Suite 2900
Chicago, Illinois 60602
Tel:  (312) 471-8700
Fax:  (312) 471-8701

*Counsel for Defendant Ameren Missouri*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will cause an electronic copy to be served on all counsel of record.

/s/ *Matthew B. Mock*
Matthew B. Mock
